THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROY M. HAMLIN, Appellant.

Third Department, November 13, 1959.

*John S. Hall* for appellant.

*Robert J. Nolan, District Attorney,* for respondent.

*Per Curiam.* The facts are not in dispute, the defendant contending that the manner of the selection of the jury was in violation of section 385 of the Code of Criminal Procedure and that his counsel was unduly limited in the cross-examination of a witness.

The record discloses that the trial commenced on March 20, 1958 and that during the morning session the District Attorney examined 12 jurors and then stated: " The people are content at this time ". That thereafter the attorney for the defendant examined said prospective jurors and accepted them. The People then challenged peremptorily jurors No. 3, No. 4 and No. 5, to which the defendant objected on the grounds they had

already been accepted by the People, which objection was overruled and apparently no exception was taken. The jury was not completed and when court resumed on Monday, March 24, juror No. 11, one of the original 12, was peremptorily challenged over the objection and exception of the defendant that he had " previously accepted all of the jurors in the box ".

The section 385 provides: " Challenges to an individual juror must be taken first by the people and then by the defendant."

In *People* v. *McQuade* (110 N. Y. 284), it was stated that the right of a peremptory challenge given to an accused person is a substantial right. The court said at pages 294 and 295: " So, also, where he has a preference in favor of a juror legally selected and qualified to sit, who is not peremptorily challenged by the prosecution in the first instance, the observance of the statute secures to the accused his presence on the jury. On the other hand, if the prosecutor is permitted to reserve its peremptory challenge after the right has been exercised by the defendant, he is enabled to acquire information as to what jurors are satisfactory to the defendant, and to exclude them from the panel for that reason. This is an advantage to which, under the statute, he is not entitled. If the practice pursued in this case can be maintained, we see no reason why the prosecutor might not, in the first instance, have refused to challenge at all, reserving his right to challenge peremptorily until after the defendant had challenged. The statute would be nullified in that case no more than by the course actually pursued. The statute prescribing the order in which peremptory challenges should be made was not a mere rule of procedure for the orderly conduct of criminal trials. It was a right secured to the defendant. It had at least the semblance of benefit to the accused. The statute is peremptory, and violation of its provisions was a substantial, and not a mere technical error."

The manner of the selection of the jury herein violated section 385 of the Code of Criminal Procedure but there remains a question as to whether or not the defendant properly took his objection and exception. *People* v. *Hughes* (137 N. Y. 29), where a challenge to the selection of the jury was raised, among other objections, was affirmed by the court because there it appears that the court was misled by the acquiescence of the counsel for the defendant that it had discretionary power while actually it had no discretion. In *People* v. *Elliott* (172 N. Y. 146) a conviction was allowed to stand where objection on appeal was raised to the selection of a jury where the record disclosed that the objection taken was a general one as distinguished from setting forth the specific grounds of violation of section 385.

In discussing that case, however, the court specifically stated that the facts were distinguishable from *People* v. *McQuade* (*supra*).

While in the present situation the attorney for the defendant did not specifically mention the section involved, he sufficiently advised the court as to his reason for objecting. On the opening day of the trial, his objection was based upon the fact that the People had already accepted the jurors and again on the 24th he made the same objection and further stated: " I object to his now challenging peremptorily or any other way a juror." The rule in *People* v. *McQuade* has been consistently followed by the courts in this State. (*People* v. *Grieco,* 266 N. Y. 48; *People* v. *Fromen,* 284 App. Div. 576.) The cases cited by the People are clearly distinguishable. *People* v. *La Marca* (4 N Y 2d 925) concerns permission to appeal from an order denying a writ of error *coram nobis* after a hearing and apparently it was not one of the contentions on the appeal from the original judgment of conviction (3 N Y 2d 452). Likewise, the case of *People* v. *Flower* (304 N. Y. 560) affirmed judgments of the Appellate Division wherein it had been specifically set forth that the record did not èstablish any violation of section 385 of the Code of Criminal Procedure. (See *People* v. *Flower,* 279 App. Div. 661; *People* v. *Schlicter,* 279 App. Div. 661.)

A reading of the record convinces us that it is unfortunate to have to repeat the trial but nevertheless we are compelled to reverse and grant a new trial on the grounds that the manner and method of selecting the jury herein was in violation of section 385 of the Code of Criminal Procedure and thus deprived the defendant of a substantial right.

Under the circumstances we do not pass upon the question of limitation of cross-examination. If this were the only question raised, we would be inclined to regard it as within the intent of section 542 of the Code of Criminal Procedure.

The judgment of conviction should be reversed and a new trial ordered.

FOSTER, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Judgment of conviction reversed and a new trial ordered.