■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNY ISAAC, Appellant. [622 NYS2d 587] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered April 22, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the second round of voir dire, the prosecutor sought to challenge prospective juror number 14 for cause, and the defense counsel opposed the challenge. The court denied the prosecutor's challenge. Thereafter, the court asked the prosecutor and the defense counsel if they had any peremptory challenges. Both the prosecutor and the defense counsel stated "No". However, prior to the jury being sworn, the defense counsel stated to the court that she believed she had asked that prospective juror number 14 be excused on the peremptory challenge. The court had the record read back and ascertained that no peremptory challenge had been made by the defense counsel. The record was clear that the defendant waived his right to challenge prospective juror number 14.

The following day, the defense counsel attempted to correct her mistake and renewed her challenge to have prospective juror number 14 excused. However, the court denied her request.

The trial court did not improvidently exercise its discretion by denying the defendant's peremptory challenge, which was made after the defendant had waived such a challenge but prior to the swearing of the jury *(see, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *People v Mancuso,* 22 NY2d 679, *cert denied* 393 US 946; *People v Foster,* 100 AD2d 200, *affd* 64 NY2d 1144, *cert denied* 474 US 857).

We find that the sentence imposed was not excessive *(see,*

*People v Suitte,* 90 AD2d 80). Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.