■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONYEIJE PHILLIP, Appellant. [626 NYS2d 848] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered September 8, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that on January 2, 1992, the defendant sold four vials of crack cocaine to an undercover police officer who was engaged in a so-called buy-and-bust operation. After the defendant was arrested, an additional 17 vials of crack cocaine and $20 of prerecorded money were recovered from his pockets. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we find that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant waived any objection to the court's refusal to grant one of his peremptory challenges. Before the jury was sworn, the defendant conceded, without reservation or qualification, that he considered the panel of 12 jurors and two alternates to be satisfactory *(see, People v Negron,* 214 AD2d 588; *People v Isaac,* 212 AD2d 635).

The defendant's contention that he was denied his constitutional and statutory rights to a particular jury, chosen according to law, in whose selection he had a voice, is not preserved for appellate review. The defendant failed to object to an unchallenged juror's erroneous dismissal by the clerk at a time when the trial court could have corrected the error (CPL 470.05 [2]; *see, People v Hopkins,* 76 NY2d 872, 873; *People v Schenck,* 209 AD2d 453). In any event, the error was harmless because the defendant selected and declared that he was satisfied with the 12 jurors and two alternates who ultimately were seated. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.