■ EMMA KRAMER, Respondent, v BERKSHIRE LIFE INSURANCE COMPANY, Appellant, et al., Defendant. [643 NYS2d 338]

Defendant's evidence of the materiality of the misrepresentations in the application for the subject life insurance policy being less than "clear and substantially uncontradicted", its motion for summary judgment was properly denied (*Continental Ins. Co. v RLI Ins. Co.*, 161 AD2d 385, 387). Concur—Rosenberger, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL PEREZ, Appellant. [643 NYS2d 987]

Defendant's claim that the trial court erred in barring a peremptory challenge made by the codefendant as untimely is unpreserved as a matter of law, no such challenge to the prospective juror in question having been made by defendant himself (*see, People v Buckley*, 75 NY2d 843, 846), and we decline to review it in the interest of justice. If we were to review it, we would find that the trial court properly refused to recognize a peremptory challenge that was made after it had already been waived, albeit before the jury was sworn in (*see, People v Isaac*, 212 AD2d 635, *lv denied* 85 NY2d 910). Concur—Rosenberger, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.