# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

548

KA 10-00606

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CLIFFORD TULLOCH, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered February 25, 2010. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction except as it pertains to the element of physical or constructive possession of the controlled substance found on the floor of the back seat of the patrol car in which defendant was transported to the police station (*see People v Gray*, 86 NY2d 10, 19), and we conclude that the evidence is legally sufficient to establish that element (*see generally People v Bleakley*, 69 NY2d 490, 495). The bag of cocaine upon which the conviction of possession is based was discovered immediately after defendant was removed from that patrol car. The two arresting officers testified at trial that they had thoroughly searched the back of the patrol car a few hours prior to defendant's arrest and had found no contraband there, that defendant was the only person who had been in the back seat following their earlier search and that, while they were transporting defendant, they observed that he was making strange movements in the back seat of the patrol car, including crouching down and extending his legs. Given that testimony, we conclude that there is a "valid line of reasoning and permissible inferences" that could lead County Court to find that defendant possessed the cocaine found in the patrol car (*id.; see People v Glover*, 23 AD3d 688, 689, *lv denied* 6 NY3d 776; *see generally People v*

*McCoy*, 266 AD2d 589, 591-592, *lv denied* 94 NY2d 905).

Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, we reject defendant's contention that the sentence is unduly harsh and severe, particularly in view of defendant's lengthy criminal history and the fact that the sentence imposed was below the maximum sentence permitted by statute (*see* Penal Law § 70.70 [3] [b] [iii]).

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court