■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARVIN JABOT, Appellant. [941 NYS2d 311]—

Spain, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered October 12, 2010, upon a verdict convicting defendant of the crimes of attempted burglary in the second degree and conspiracy in the fourth degree.

Defendant was convicted of attempted burglary in the second degree and conspiracy in the fourth degree based upon trial testimony establishing that, in late October 2008, with a plan to burglarize the home of two elderly brothers in the Village of Hudson Falls, Washington County, defendant drove his sister, Amy Bullard, and Justin Rawlins to the home; they approached

---

the house while defendant waited in the car. When they knocked on the door, the son of one of the victims, Duane Waite, who had been working in a shed behind the house and heard the knocking, came around the side of the house. Recognizing Waite as a correction officer who had worked at the jail where Rawlins had previously been incarcerated, the couple pretended to be looking for someone named "Bob" and quickly left the premises. On defendant's appeal, we now reverse.

Initially, we reject defendant's contention that the indictment should have been dismissed as lacking in sufficient specificity regarding the date of the charged offenses because, as supplemented by the bill of particulars, it alleged only that the incident occurred on an afternoon "on or about the last week of October, 2008." "When time is not an essential element of an offense, the indictment, as supplemented by a bill of particulars, may allege the time in approximate terms" (*People v Watt*, 81 NY2d 772, 774 [1993]; *see* CPL 200.50 [6]; *People v Morris*, 61 NY2d 290, 295 [1984]; *People v Oglesby*, 12 AD3d 857, 859 [2004], *lv denied* 5 NY3d 792 [2005]). The People must, in good faith, engage in a reasonably thorough investigation in order to identify the time and circumstances of the offense with sufficient clarity to protect a " 'defendant's constitutional right "to be informed of the nature and cause of the accusation" ' " so that the defendant may adequately defend against the charges (*People v Keindl*, 68 NY2d 410, 417 [1986], quoting *People v Morris*, 61 NY2d at 294; *see People v Sedlock*, 8 NY3d 535, 539 [2007]). Although the People here took steps to more specifically pinpoint the date, their efforts were hampered because neither Waite nor any of the other witnesses could recall the exact date, the date supplied by one of the victims (an octogenarian allegedly suffering from dementia) was contradicted by all the other witnesses and, because the burglary was thwarted, no police record was made until a subsequent armed robbery was committed at the same residence the following month, on November 11, 2008. Under the totality of the circumstances presented, we find the span of time during which the crime was alleged to have occurred is not so unreasonable that defendant was "prevented from preparing a defense, notwithstanding that it would be easier to prepare an alibi defense if the exact date and time of the offense were known and provided"; thus, County Court did not err in denying defendant's motion to dismiss the indictment (*People v Morris*, 61 NY2d at 297; *see People v White*, 283 AD2d 964, 964 [2001]; *see also People v Windley*, 228 AD2d 875, 876 [1996], *lvs denied* 88 NY2d 991, 997 [1996]).

Under the narrow circumstances presented, we find merit,

however, in defendant's assertion that County Court improperly denied defendant's request to exercise a peremptory challenge to a prospective juror. After questioning of the first group of prospective jurors was completed and the People had exercised their challenges, the court asked defense counsel if he wished to exercise any peremptory challenges, to which counsel responded, "Yes, Judge. No." Seconds later, as the court named the first two prospective jurors in the group to be assigned seats, defense counsel immediately interrupted him, apologizing, and explained that he had intended to exercise a peremptory challenge against one of the remaining prospective jurors in that group, a correction officer, but that he had missed it in his notes. Although that juror was not yet assigned a seat and the request was made just moments after counsel mistakenly accepted all of the remaining prospective jurors in that group, the court denied his request to challenge the juror as untimely.

At common law, a defendant "retained the right to challenge a person who appears as a juror at any time *before he [or she] is sworn*" (*People v Alston*, 88 NY2d 519, 527 [1996] [internal quotation marks and citations omitted]). Under CPL 270.15, which now governs the procedure for challenging jurors, the decision to entertain a belated peremptory challenge is left to the discretion of the trial court, in recognition that the voir dire process can often be time-consuming and requires practical limitations (*see generally id.* at 529; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 270.15, at 275-277 [2002]). Indeed, the First and Second Departments have upheld a trial court's decision not to allow belated challenges to as-yet unsworn prospective jurors where the challenge would interfere with or delay the process of jury selection (*compare People v Brown*, 52 AD3d 248, 248 [1st Dept 2008], *lv denied* 11 NY3d 735 [2008] [court had already moved on to next subgroup of jurors when challenge made]; *People v Leakes*, 284 AD2d 484, 484 [2d Dept 2001], *lv denied* 96 NY2d 920 [2001] [same]; *People v Smith*, 278 AD2d 75, 76 [1st Dept 2000], *lv denied* 96 NY2d 763 [2001] [court had moved on to next juror and challenges were being made on a juror by juror basis]). Here, however, we can detect no discernable interference or undue delay caused by defense counsel's momentary oversight that would justify County Court's hasty refusal to entertain defendant's challenge. Accordingly, we conclude that the court's denial of the challenge was an abuse of discretion (*see generally People v Steward*, 17 NY3d 104 [2011] [trial court's limitation on time given for voir dire held an abuse of discretion]) and, because the right to exercise a peremptory challenge against a specific prospective juror is a "substantial right" (*People v*

*Hamlin*, 9 AD2d 173, 174 [1959]), reversal is mandated. Accordingly, defendant is entitled to a new trial (*see People v Hecker*, 15 NY3d 625, 661-662 [2010]). Defendant's remaining contentions have been rendered academic.

Lactinex, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Washington County for a new trial.