Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered May 31, 2011, convicting him of attempted murder in the second degree, assault in the first degree (two counts), assault in the second degree (three counts), endangering the welfare of a child (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
*872 Ordered that the judgment is reversed, on the law and in the exercise of discretion, and a new trial is ordered.
During the second round of voir dire, after questioning of the second group of prospective jurors was completed and each side had exercised challenges for cause, the Supreme Court asked defense counsel if he wished to exercise any peremptory challenges, and defense counsel responded, “No.” Seconds later, as the court named the first three prospective jurors in the group to be assigned seats, defense counsel interrupted, apologizing, and explained that he had intended to exercise a peremptory challenge against one of the remaining prospective jurors in that group, prospective juror number four. Although that prospective juror was not yet assigned a seat and the request was made just moments after defense counsel mistakenly accepted all of the remaining prospective jurors in that group, the court denied defense counsel’s request to challenge that juror as untimely. Under these circumstances, where there was no discernable interference or undue delay caused by defense counsel’s momentary oversight, the Supreme Court improvidently exercised its discretion in denying defense counsel’s request to challenge the prospective juror (see People v Jabot, 93 AD3d 1079, 1081 [2012]; cf. People v Leakes, 284 AD2d 484 [2001]; People v Isaac, 212 AD2d 635 [1995]). Since a trial court’s improper denial of a peremptory challenge mandates automatic reversal (see People v Hecker, 15 NY3d 625, 661 [2010]), we must reverse the conviction and order a new trial (see People v Jabot, 93 AD3d at 1082).
The defendant’s remaining contention has been rendered academic in light of our determination.
Balkin, J.E, Lott, Austin and Sgroi, JJ., concur.