# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1007**
**KA 10-00856**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

LUIS ROSARIO-BORIA, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 13, 2010.  The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree and intimidating a victim or witness in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, count four of the superseding indictment is dismissed, and a new trial is granted on count three of that indictment.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of kidnapping in the second degree (Penal Law § 135.20) and intimidating a victim or witness in the third degree (§ 215.15 [1]), defendant contends that County Court abused its discretion in refusing to permit him to exercise a peremptory challenge against a prospective juror.  We agree, and we therefore reverse the judgment.

Initially, we reject the contention of the People that defendant failed to preserve this issue for our review.  Defendant specifically sought to exercise a peremptory challenge against the prospective juror in question, and the court refused to permit him to do so.  Consequently, "the record establishes that 'the trial judge was made aware, before he ruled on the issue, that the defense wanted him to rule otherwise, [and thus] preservation was adequate' " (*People v Torres* [appeal No. 1], 97 AD3d 1125, 1126, *affd* 20 NY3d 890, quoting *People v Caban*, 14 NY3d 369, 373; *see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 493).

With respect to the merits, the record establishes that the court directed the attorneys to exercise their challenges in strict order according to the position in which the prospective juror was seated in the jury box for questioning, and the court indicated that it would

not permit the attorneys to return to a prospective juror after the process had moved on to the next prospective juror.  After several prospective jurors had been excused for cause, the court directed the attorneys to exercise their peremptory challenges to the first group of prospective jurors in the panel.  The prosecutor exercised several challenges, followed by defense counsel.  As the court began to indicate the number of challenges that remained for each side, defense counsel immediately asked if he could exercise a peremptory challenge to the prospective juror in question on appeal.  When the court said no, defense counsel indicated that he had "crossed [the prospective juror's name] out by mistake."  The court reiterated that it would not permit the challenge, indicating that it had warned the attorneys about adhering to the court's procedures.

"Under these circumstances, 'we can detect no discernable interference or undue delay caused by [defense counsel's] momentary oversight . . . that would justify [the court's] hasty refusal to entertain [his] challenge,' " and we thus conclude that the court's refusal to permit the challenge was an abuse of discretion (*People v McGrew*, 103 AD3d 1170, 1173; *see People v Jabot*, 93 AD3d 1079, 1081-1082).  Inasmuch as "the right to exercise a peremptory challenge against a specific prospective juror is a 'substantial right' . . . , reversal is mandated" (*Jabot*, 93 AD3d at 1081-1082; *see McGrew*, 103 AD3d at 1173; *cf. People v Williams*, 107 AD3d 1391, 1393).

We further agree with defendant that the conviction under count four, i.e., intimidating a victim or witness in the third degree, is not supported by legally sufficient evidence.  We therefore dismiss that count of the superseding indictment and grant a new trial only with respect to count three, charging kidnapping in the second degree.  The People presented evidence at trial establishing that defendant approached the witness in a grocery store and said, "I'm not that stupid as you may think."  There was no evidence tending to support the inference that defendant's statement was a threat intended to prevent the witness from communicating with the police, the courts or the grand jury, and the evidence therefore is legally insufficient to support the conviction with respect to that count (*see* Penal Law § 215.15 [1]; *see generally People v Oberlander*, 60 AD3d 1288, 1289-1291).

Contrary to defendant's further contention, the court properly denied his request for a jury charge on the justification defense in Penal Law § 35.05, and instead charged the jury on the affirmative defense of duress.  "Here, . . . the only defense raised was that defendant lacked the requisite intent to commit [kidnapping] and was acting out of fear of the [kidnappers], who had threatened him with a gun.  The only theory of the defense [was] duress, and 'there is simply no basis for justifying defendant's conduct by any other standard' " (*People v Crumpler*, 242 AD2d 956, 958, *lv denied* 91 NY2d 871, quoting *People v Magliato*, 68 NY2d 24, 31).

In light of our determination, we do not address defendant's

remaining contentions.

Frances E. Cafarell
Clerk of the Court