# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**113**
**KA 13-01883**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

MARK E. SCERBO, II, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered July 15, 2013. The judgment convicted defendant, inter alia, upon a jury verdict, of reckless driving (three counts), driving while intoxicated, as a class D felony (two counts), aggravated driving while intoxicated, as a class D felony, and manslaughter in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted on counts 4, 6 through 8, 10 and 11 of the indictment, and counts one through three of the indictment are dismissed without prejudice to the People to re-present any appropriate charges under those counts to another grand jury.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, three counts of reckless driving (Vehicle and Traffic Law § 1212), and one count each of manslaughter in the second degree (Penal Law § 125.15 [1]) and aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]), defendant contends that County Court erred in refusing to consider his belated peremptory challenge. We agree.

A trial court has broad discretion over the jury selection process (*see People v Wilson*, 106 AD2d 146, 149, citing *People v Pepper*, 59 NY2d 353). Where a defendant seeks to exercise a peremptory challenge after the time in which to do so has passed, the court has discretion whether to allow the challenge (*see People v Jabot*, 93 AD3d 1079, 1081). Here, defense counsel momentarily lost count of the number of jurors who had been selected. As a result, defense counsel declined to exercise a peremptory challenge to prospective juror 21. When informed that prospective juror 21 was the 12th juror seated, defense counsel immediately asked the court to

allow defendant to exercise his last peremptory challenge to that juror. The jury had not yet been sworn, the panel from which the alternates would be selected had not yet been called, and prospective juror 21 had not yet been informed that he had been selected. Furthermore, the People expressly declined to object to the request. Under the circumstances of this case, we conclude that the court abused its discretion in denying defendant's request. Indeed, " 'we can detect no discernable interference or undue delay caused by [defense counsel's] momentary oversight . . . that would justify [the court's] hasty refusal to entertain [the] challenge' " (*People v McGrew*, 103 AD3d 1170, 1173; *see People v Rosario-Boria*, 110 AD3d 1486, 1486-1487; *People v Parrales*, 105 AD3d 871, 872). Such an error cannot be deemed harmless (*see People v Hecker*, 15 NY3d 625, 661-662; *People v Marshall*, 131 AD3d 1074, 1075, *lv denied* 26 NY3d 1041), and thus reversal is required.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court