People v Viera (2018 NY Slip Op 06043)





People v Viera


2018 NY Slip Op 06043


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2014-05889
 (Ind. No. 2406/11)

[*1]The People of the State of New York, respondent,
v
Shamar Viera, appellant.


The Legal Aid Society, New York, NY (Paul Wiener of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered May 19, 2014, convicting him of attempted murder in the first degree, conspiracy in the second degree, intimidating a victim or a witness in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court for a new trial.
The defendant was tried jointly with two codefendants (hereinafter collectively the defense). During voir dire, the defense was given 20 peremptory challenges for regular jurors. After questioning of the first group of prospective jurors was completed, the Supreme Court divided that group into two subgroups. Each side had the opportunity to exercise challenges for cause to the first subgroup of prospective jurors. Counsel for codefendant Terell Viera stated that he would exercise the peremptory challenges on behalf of all three defendants. After the People exercised their peremptory challenges to the first subgroup, the court asked the defense if they wished to exercise any peremptory challenges. Counsel for codefendant Terell Viera indicated that the defense had five peremptory challenges. The clerk named the four prospective jurors in the first subgroup to be assigned seats on the jury, including prospective juror eight. Thereafter, counsel for codefendant Rodger Freeman stated, "There was one we missed, number eight." The court responded, "We have eight." In response, counsel for codefendant Rodger Freeman stated, "We don't want eight." The court replied, "You already—you told me what the perempts are and who the selected jurors are," and denied the request to challenge prospective juror eight.
The defendant's contention that the court erred in denying the request to challenge prospective juror eight is preserved for appellate review (see People v Rosario-Boria, 110 AD3d 1486). Contrary to the People's argument, there is no indication in the record that the Supreme Court denied the request on the ground that a majority of the defendants did not agree to exercise that challenge (see CPL 270.25[3]). The court, in effect, denied the request as untimely. Additionally, counsel for codefendant Rodger Freeman sufficiently raised the request to challenge prospective juror eight and was speaking on behalf of the defense in doing so.
Under CPL 270.15, "the decision to entertain a belated peremptory challenge is left to the discretion of the trial court, in recognition that the voir dire process can often be time-consuming and requires practical limitations" (People v Jabot, 93 AD3d 1079, 1081). Here, the delay in challenging prospective juror eight was de minimis. There was no discernable interference or undue delay caused by the defense's momentary oversight and the voir dire of the second subgroup of prospective jurors was still to be conducted. Under these circumstances, the Supreme Court improperly denied the request to challenge prospective juror eight (see People v Scerbo, 147 AD3d 1497; People v Rosario-Boria, 110 AD3d 1486; People v Parrales, 105 AD3d 871; People v Jabot, 93 AD3d at 1079). Since a trial court's improper denial of a peremptory challenge mandates reversal, we reverse the judgment and order a new trial (see People v Hecker, 15 NY3d 625, 661; People v Parrales, 105 AD3d at 872; People v Jabot, 93 AD3d at 1082).
In light of our determination, we need not address the defendant's remaining contentions.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court