People v Price (2019 NY Slip Op 06629)





People v Price


2019 NY Slip Op 06629


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2010-07352
 (Ind. No. 2065/03)

[*1]The People of the State of New York, respondent,
v
Tyrone Price, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered July 19, 2010, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
During voir dire, after the questioning of a group of jurors was completed and each side had the opportunity to exercise challenges for cause with respect to that group, the Supreme Court asked whether the People had any peremptory challenges. The People responded that they did not, and the court asked defense counsel the same question. Defense counsel asked, "We are looking at what numbers?," and the court responded, "We are looking at one and four." The court named prospective juror number one to be assigned a seat and said, "We now have ten, need two. Looking at Chavez - -," when defense counsel interrupted, stating that he had made an error and had intended to exercise a peremptory challenge to prospective juror number one. Defense counsel acknowledged that the challenge was "a couple of seconds" late, and requested permission to excuse prospective juror number one. The court summarily denied the request.
The defendant contends that the Supreme Court improvidently exercised its discretion in denying his belated peremptory challenge. We agree. Under CPL 270.15, "the decision to entertain a belated peremptory challenge is left to the discretion of the trial court" (People v Jabot, 93 AD3d 1079, 1081). Where a belated peremptory challenge to as-yet unsworn prospective jurors "would interfere with or delay the process of jury selection," it is a proper exercise of the court's discretion to refuse to permit the challenge (id. at 1081). However, where there is "no discernable interference or undue delay caused by defense counsel's momentary oversight that would justify [the court's] hasty refusal to entertain [the] defendant's challenge," it is an improvident exercise of discretion to deny it (id.). Here, the delay in challenging prospective juror number one was de minimis (see People v Viera, 164 AD3d 1277, 1278-1279). There was no discernable interference or undue delay caused by defense counsel's momentary oversight, and the voir dire of the next [*2]subgroup of jurors was still to be conducted (see id. at 1279; People v Scerbo, 147 AD3d 1497, 1498; People v Rosario-Boria, 110 AD3d 1486, 1487; People v Parrales, 105 AD3d 871, 872; People v Jabot, 93 AD3d at 1081; cf. People v Monroe, 118 AD3d 916; People v Brown, 52 AD3d 248, 248; People v Leakes, 284 AD2d 484, 484). Since a trial court's improper denial of a peremptory challenge mandates reversal, we reverse the judgment and order a new trial (see People v Hecker, 15 NY3d 625, 661-662; People v Marshall, 131 AD3d 1074, 1075).
In light of our determination, we need not address the defendant's remaining contentions.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court