People v Chourb (2024 NY Slip Op 05701)

People v Chourb

2024 NY Slip Op 05701

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

719 KA 23-01279

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHANCHHAYAVAN T. CHOURB, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 29, 2023. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We affirm.
We reject defendant's contentions that the evidence is legally insufficient to establish that he possessed the controlled substances and that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant possessed the controlled substances (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Tulloch, 83 AD3d 1558, 1559 [4th Dept 2011], lv denied 17 NY3d 802 [2011]). Specifically, the controlled substances upon which the conviction is based—crack cocaine and powdered cocaine—were discovered, immediately after defendant attempted to flee from the police, in a bag in the middle of the street, near the location where defendant had been standing immediately before he fled. Although the police officers did not see defendant holding the bag or dropping it to the ground, they did not observe anything in that part of the well-lit street before the encounter with defendant. Moreover, despite being found in the middle of the street, the bag was not crushed or otherwise damaged. Consequently, there is a "valid line of reasoning and permissible inferences" from which a rational jury could have found that defendant possessed the bag and discarded it when he fled from the police (Bleakley, 69 NY2d at 495; see Tulloch, 83 AD3d at 1559). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Defendant failed to object to the allegedly improper remark made by the prosecutor during the opening statement and, therefore, failed to preserve for our review his contention that he was denied a fair trial by that instance of alleged prosecutorial misconduct (see CPL 470.05 [2]; People v Williams, 228 AD3d 1249, 1249 [4th Dept 2024]; People v Grayson, 216 AD3d 1444, 1445 [4th Dept 2023]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also contends that County Court erred in failing to give the jury a circumstantial evidence charge. He failed to preserve that contention for our review, however, [*2]inasmuch as defendant "did not request a circumstantial evidence charge and did not object to the court's instructions as given" (People v Chelley, 121 AD3d 1505, 1505 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015]; see People v Toran, 229 AD3d 1228, 1229 [4th Dept 2024]; People v Recore, 56 AD3d 1233, 1234 [4th Dept 2008], lv denied 12 NY3d 761 [2009]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's related contention that defense counsel was ineffective for failing to request a circumstantial evidence charge. Even assuming, arguendo, that defendant was entitled to such a charge, we conclude that the "single error in failing to request such a charge [would] not constitute ineffective representation as it was not so serious as to compromise defendant's right to a fair trial" (People v Griffin, 203 AD3d 1608, 1611 [4th Dept 2022], lv denied 38 NY3d 1008 [2022] [internal quotation marks omitted]; see People v Gunney, 13 AD3d 980, 983 [3d Dept 2004], lv denied 5 NY3d 789 [2005]).
Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising his right to a trial, inasmuch as he failed to raise that contention at sentencing (see People v Mohamed, 224 AD3d 1271, 1271-1272 [4th Dept 2024], lv denied 41 NY3d 984 [2024]; People v Britton, 213 AD3d 1326, 1328 [4th Dept 2023], lv denied 39 NY3d 1140 [2023]). Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe.
Finally, we note that the court misstated at sentencing that defendant was a second felony offender, rather than a second felony drug offender previously convicted of a violent felony, and the uniform sentence and commitment form incorrectly states that defendant was sentenced as a second felony offender. The uniform sentence and commitment form must be amended to reflect that he was actually sentenced as a second felony drug offender previously convicted of a violent felony (see Penal Law § 70.70 [1] [b]; [4]; People v Jones, 224 AD3d 1348, 1353 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Hightower, 207 AD3d 1199, 1202 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court