People v Jones (2026 NY Slip Op 01874)

People v Jones

2026 NY Slip Op 01874

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND
DELCONTE, JJ.

25 KA 24-01126

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vDENNIS JONES, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CASEY S. DUFFY
OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D.
BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Theodore H. Limpert, J.),
rendered June 28, 2024. The judgment convicted defendant, upon a jury verdict, of
criminal possession of a controlled substance in the third degree and criminal possession
of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed
on the law, and a new trial is granted on counts 6 and 7 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury
verdict, of one count of criminal possession of a controlled substance (CPCS) in the third
degree (Penal Law § 220.16 [1]) and one count of CPCS in the fourth degree (§
220.09 [1]).
Defendant was tried with his codefendant and contends that County Court erred in
permitting the codefendant to unilaterally exercise peremptory challenges. We agree. The
court's process of allowing defendant and codefendant to each unilaterally exercise their
shared peremptory challenges was in violation of CPL 270.25 former (3) and resulted in
defendant and codefendant exhausting their shared peremptory challenges before all
jurors were selected (see Ruzas v Sullivan, 1988 WL 83377, *5 [SD NY, Aug. 2,
1988, No. 85 CIV. 4801 (CBM)]; see also People v Wilkins, 175 AD3d 867, 868 [4th Dept
2019], affd 37 NY3d 371 [2021]). A court's mistaken denial of a defendant's
peremptory challenge "under New York law mandates automatic reversal" (People v Hecker, 15 NY3d
625, 661 [2010], cert denied 563 US 947 [2011]; see People v Viera, 164 AD3d
1277, 1279 [2d Dept 2018]; lv denied 32 NY3d 1179 [2019],
reconsideration denied 33 NY3d 982 [2019]; People v Parrales, 105 AD3d 871, 872 [2d Dept
2013]).
We further agree with defendant that reversal is required on the additional ground
that the court erred in denying his request to subpoena records regarding the latent print
examiner. To obtain a third-party subpoena, a "defendant[ ] must proffer a good faith
factual predicate sufficient for a court to draw an inference that specifically identified
materials are reasonably likely to contain information that has the potential to be both
relevant and exculpatory" (People v Kozlowski, 11 NY3d 223, 241 [2008], rearg
denied 11 NY3d 904 [2009], cert denied 556 US 1282 [2009]). The subpoena
request should have been granted because the additional materials sought by defendant
related to the examiner's previous errors and bore on the reliability of her identification of
defendant's fingerprints in this case (cf. People v Gissendanner, 48 NY2d 543,
550 [1979]). That error is not harmless because the proof of guilt is not overwhelming (see People v Wildrick, 83
AD3d 1455, 1457 [4th Dept 2011], lv denied 17 NY3d 803 [2011]; see generally People v Myers,
22 NY3d 1010, 1011 [2013]).
Contrary to defendant's contention, the court did not abuse its discretion in denying
that part of defendant's motion seeking severance of his trial from that of the codefendant.
The [*2]defenses of defendant and codefendant were not
in irreconcilable conflict, nor was there a significant danger that any alleged conflict led
the jury to infer either defendant's guilt (see People v Isaac, 195 AD3d 1410, 1411 [4th Dept 2021],
lv denied 37 NY3d 992 [2021]). We also conclude that the court "properly
refused to suppress the physical evidence" (People v Davis, 199 AD3d 1331, 1332 [4th Dept 2021],
lv denied 38 NY3d 926 [2022]).
To the extent that defendant preserved for our review his contention that the
conviction is not supported by legally sufficient evidence of possession, we conclude that
it lacks merit (see People v
Chourb, 232 AD3d 1272, 1273 [4th Dept 2024], lv denied 42 NY3d
1079 [2025]; People v
Tulloch, 83 AD3d 1558, 1559 [4th Dept 2011], lv denied 17 NY3d 802
[2011]). Although defendant failed to preserve any further challenge to the legal
sufficiency of the evidence (see generally People v Gray, 86 NY2d 10, 19
[1995]), we necessarily review the evidence adduced as to each of the elements of the
crimes in the context of his contention that the verdict is against the weight of the
evidence (see People v
Exford, 234 AD3d 1252, 1253 [4th Dept 2025]). Viewing the evidence in light
of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we
conclude that, although a different verdict would not have been unreasonable, it cannot be
said that the jury failed to give the evidence the weight it should be accorded (see
generally People v Bleakley, 69 NY2d 490, 495 [1987]).
In light of our determination, we do not address defendant's remaining
contention.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court