■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FRANCO, Appellant. [731 NYS2d 689] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered March 2, 1999, convicting defendant, after a jury trial, of burglary in the first degree (two counts), attempted robbery in the first degree (two counts), and attempted robbery in the second degree, and sentencing him to concurrent terms of 10 to 20 years, 10 to 20 years, 7½ to 15 years, 7½ to 15 years, and 3½ to 7 years, unanimously affirmed.

The totality of the record, as expanded during jury selection, including defendant's conduct, establishes that defendant knowingly and voluntarily waived his right to be present at the voir dire sidebar at issue (People v Montez, 269 AD2d 154, lv denied 95 NY2d 800).

The court properly denied defendant's request for a jury

instruction on the affirmative defense of renunciation, since there was no reasonable view of the evidence, viewed most favorably to defendant (*see, People v Butts*, 72 NY2d 746, 750) that, with respect to the burglary charges, "under circumstances manifesting a voluntary and complete renunciation of his criminal purpose, the defendant withdrew from participation in such offense prior to the commission thereof and made a substantial effort to prevent the commission thereof" (Penal Law § 40.10 [1]). The evidence failed to present a jury question as to either the "complete renunciation" or the "substantial effort" elements of the defense, both of which are required. Furthermore, there was no basis for charging renunciation as to the attempted robbery charges (*see*, Penal Law § 40.10 [3]).

The court properly admitted that portion of defendant's videotaped statement wherein he stated that he knew one of his accomplices because they had sold drugs together. This evidence establishing their criminal relationship was "relevant in the context of the trial issues" (*People v Palmer*, 263 AD2d 361, 362, *lv denied* 93 NY2d 1024, *cert denied* 528 US 1051). The fact that defendant was more than just a casual acquaintance tended to refute defendant's attempts to explain and minimize his involvement. Similarly, the challenged portions of the People's summation dealing with this subject were fair responses to defendant's summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976). The court's limiting instructions concerning this uncharged crimes evidence were appropriate. Since defendant did not object to the court's failure to reiterate these instructions in its final charge, as it had agreed to do, his present objection is unpreserved (*People v Whalen*, 59 NY2d 273, 280), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the lack of a repetition was not prejudicial.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Marlow, JJ.