THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ERVIN, Appellant. [871 NYS2d 796]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]). We note at the outset that the evidence is legally sufficient to support the conviction and that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that there is a reasonable view of the evidence by which the jury could have found that he established by a preponderance of the evidence that, although he had completed his commission of the crime of attempted rape, he abandoned his criminal effort to complete the crime of rape "under circumstances manifesting a voluntary and complete renunciation of his criminal purpose" (Penal Law § 40.10 [3]; *see People v Taylor*, 80 NY2d 1, 12 [1992]; *People v Dolan*, 51 AD3d 1337, 1339 [2008]). We thus agree with defendant that reversal is required based on the refusal of the trial court to charge the affirmative defense of renunciation (*see* Penal Law § 40.10).

We further agree with defendant that the suppression court, a different Supreme Court Justice from the trial justice, erred in refusing to suppress a statement made by defendant in the police vehicle while en route to the police station and in refusing to suppress his written statement made at the police station after he had waived his *Miranda* rights. The evidence presented at the suppression hearing establishes that defendant was in custody in the police vehicle when the arresting officer asked him questions about his life and his church (*see People v Paulman*, 5 NY3d 122, 129 [2005]; *People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]), and the People failed to establish that the arresting officer's questions did not constitute interrogation or its functional equivalent (*see Rhode Island v Innis*, 446 US 291, 301 [1980]; *People v Ferro*, 63 NY2d 316, 321 [1984], *cert denied* 472 US 1007 [1985]). Although defendant waived his *Miranda* rights prior to questioning at the police station by a different police officer, the arresting officer was present throughout that questioning and again asked defendant about his life and his church. We conclude that there was not "such a definite, pronounced break in the interrogation that the

defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*People v Chapple*, 38 NY2d 112, 115 [1975]; *see People v Bethea*, 67 NY2d 364, 366 [1986]; *cf. Paulman*, 5 NY3d at 131).

We note that the trial court erred in failing to comply with CPL 530.13 (former [4]) in setting the expiration of the date of the order of protection. The date set by the court is not the greater of five years from the date of conviction or three years from the expiration of the determinate sentence imposed, taking into account jail time credit (*see* CPL 530.13 [former (4)]). In light of our determination that a new trial is warranted, we do not address defendant's remaining contentions. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.