# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**236**
**KA 14-01564**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TODD C. MIRABELLA, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 6, 2014. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts), criminal sexual act in the first degree, and sexual abuse in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [4]), one count of criminal sexual act in the first degree (§ 130.50 [4]), and two counts of sexual abuse in the third degree (§ 130.55). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we perceive no reason to disturb the jury's resolution of those questions in this case.

We reject defendant's contention that he received ineffective assistance of counsel. Defendant contends that defense counsel should have objected when a physician who examined one of the complainants testified that the complainant had told him that there was "digital/genital contact as well as oral/genital" contact. Defendant contends that this constituted impermissible bolstering. We conclude that the testimony was permissible as an exception to the hearsay rule for statements relevant to diagnosis and treatment (*see People v*

*Spicola*, 16 NY3d 441, 451-453, *cert denied* ___ US ___, 132 S Ct 400). In addition, the physician's testimony served the nonhearsay purpose of "round[ing] out the narrative of the immediate aftermath of the . . . disclosure" (*id.* at 453; *see People v Ludwig*, 24 NY3d 221, 231-232). Inasmuch as the testimony was proper, defense counsel was not ineffective for failing to object to it (*see People v Caban*, 5 NY3d 143, 152; *People v Goley*, 113 AD3d 1083, 1085; *People v Dashnaw*, 37 AD3d 860, 863, *lv denied* 8 NY3d 945).

Defense counsel also was not ineffective for failing to seek a missing witness charge with respect to two witnesses, because "[t]here was no indication that the witness[es] would have provided noncumulative testimony favorable to the People" (*People v Smith*, 118 AD3d 1492, 1493; *see People v Myers*, 87 AD3d 826, 828, *lv denied* 17 NY3d 954). Defendant has failed to demonstrate " 'the absence of strategic or other legitimate explanations' " for defense counsel's failure to object to testimony that violated defendant's right of confrontation inasmuch as that testimony was favorable to defendant (*Caban*, 5 NY3d at 152; *see People v Reid*, 71 AD3d 699, 700, *lv denied* 15 NY3d 756). The prosecutor's "statements that the complainant[s] had no motive to lie constituted a fair response to defense counsel's summation, which attacked the complainant[s'] credibility," and thus defense counsel was not ineffective for failing to object to those remarks on summation (*People v Marcus*, 112 AD3d 652, 653, *lv denied* 22 NY3d 1140; *see People v Hill*, 82 AD3d 1715, 1716, *lv denied* 17 NY3d 806). We have considered defendant's remaining instances of alleged ineffective assistance of counsel and conclude that they are without merit. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We reject defendant's further contention that the court erred in denying his request for the complainants' school and therapy records without first conducting an in camera review of those records. Defendant had the burden of showing that those records "are relevant and material to facts at issue" (*People v Kozlowski*, 11 NY3d 223, 242, *rearg denied* 11 NY3d 904, *cert denied* 556 US 1282). "The relevant and material facts in a criminal trial are those bearing upon 'the unreliability of either the criminal charge or of a witness upon whose testimony it depends' " (*id.*). Here, defendant failed to meet his burden. He failed to "point to specific facts demonstrating a reasonable likelihood that such material may be disclosed" and instead was merely "engaged in a fishing expedition" (*id.; see People v Gissendanner*, 48 NY2d 543, 549-550). Finally, the sentence is not unduly harsh or severe.

Entered: March 20, 2015

Frances E. Cafarell
Clerk of the Court