■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS T. BARNES, Appellant. [33 NYS3d 234]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered January 2, 2013, as amended February 5, 2013, convicting defendant, after a jury trial, of sexual abuse in the first degree and two counts of endangering the welfare of a child, and sentencing him to an aggregate term of two years, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

Defendant was convicted of sex offenses against a young girl in connection with two incidents, one occurring between February and April 2009, and the other on November 20, 2009. Although the victim's trial testimony was less detailed than the statements made shortly after the incidents, which occurred three years before trial, when she was eight years old, her trial testimony supports a reasonable inference that defendant engaged in conduct satisfying the elements of first-degree sexual abuse. Moreover, the court properly admitted medical records and testimony, describing the two incidents in detail, that qualified for admission under the business records exception to the hearsay rule because the statements memorialized in the records were relevant to diagnosis and treatment (*see People v Ortega*, 15 NY3d 610 [2010]).

A detective's brief mention of the victim's disclosure of the February-April incident should not have been allowed because the disclosure was insufficiently prompt to qualify under the prompt outcry exception. However, the error was harmless, particularly because this evidence was cumulative to the properly admitted medical evidence. Defendant did not preserve his challenge to prompt outcry evidence regarding the November 20th incident, and we decline to review it in the interest of justice. As an alternative holding, we find that the testimony of the mother and the detective contained detail that exceeded the limits of proper prompt outcry testimony, but that this evidence was likewise cumulative to the medical evidence and that its admission was likewise harmless.

Defendant's Confrontation Clause argument regarding the victim's testimony and out-of-court statements is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find it to be without merit because the victim testified appear at trial and defense counsel had a full opportunity to cross-examine her. The order of proof at trial had no impact on defendant's right of confrontation, because he could have requested to recall the victim for additional cross-examination about matters introduced at a later stage of the People's case.

We have considered and rejected defendant's ineffective assistance of counsel claims relating to the issues we have found to be unpreserved (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that he was prejudiced under the state and federal standards by his counsel's failure to object in any of those instances. Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance, or that his ineffective assistance claim warrants a new trial. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.