# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**178**

**KA 14-00196**

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ROSS SANFORD, JR., DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 17, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree as a sexually motivated felony (Penal Law §§ 130.91 [1]; 140.25 [2]). The conviction arises from the victim's report that, one night while she was sleeping, her neighbor had entered her apartment, disrobed, pounced onto her in bed, held a towel over her mouth, and told her that he had tried to "do stuff" with her in the past. Eventually, defendant let go of the victim, put his clothes back on, and left. Defendant contends that his conviction is based on legally insufficient evidence and that the verdict is against the weight of the evidence. We reject those contentions. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), we conclude that "there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant committed the crime[] of which he was convicted based on the evidence presented at trial" (*People v Scott*, 93 AD3d 1193, 1194, *lv denied* 19 NY3d 967, *reconsideration denied* 19 NY3d 1001; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that the court improperly denied his use of a peremptory challenge to

excuse a prospective juror, who was ultimately seated on the jury. We are unable to determine from our review of the record "whether defendant in fact exercised [a] peremptory challenge[]" to the prospective juror (*People v Watkins*, 229 AD2d 957, 958, *lv denied* 89 NY2d 931), and the record does not establish that the court was made aware "that the defense wanted him to rule otherwise" (*People v Rosario-Boria*, 110 AD3d 1486, 1486 [internal quotation marks omitted). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the indictment was jurisdictionally defective. Contrary to the People's contention, preservation was not required (*see People v Iannone*, 45 NY2d 589, 600-601; *People v Holmes*, 101 AD3d 1632, 1633, *lv denied* 21 NY3d 944). "[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime[, such as] if it fails to allege that a defendant committed acts constituting every material element of the crime charged" (*Iannone*, 45 NY2d at 600). In that regard, it is well established that " 'incorporation [in an indictment] by specific reference to the statute [defining the crime charged] operates without more to constitute allegations of all the elements of the crime' " (*People v Boula*, 106 AD3d 1371, 1372, *lv denied* 21 NY3d 1040, quoting *People v Cohen*, 52 NY2d 584, 586). Here, the indictment charged defendant with "burglary in the second degree (as a sexually motivated felony)," and thereby incorporated by reference the elements of the crime of a sexually motivated felony, i.e., that he committed the "specified offense for the purpose, in whole or substantial part, of his or her own direct sexual gratification" (Penal Law § 130.91 [1]). Although the indictment omitted the Penal Law section number for the charged offense, we conclude that the indictment was not jurisdictionally defective inasmuch as it correctly referred to the specified crime by name (*see People v Parrilla*, 145 AD3d 629, 629-630; *People v Bishop*, 115 AD3d 1243, 1244, *lv denied* 23 NY3d 1018, *reconsideration denied* 24 NY3d 1082). Insofar as defendant contends that the indictment is defective under CPL 200.50 (7) (e), he did not challenge the indictment on that ground in a motion to dismiss the indictment within 45 days of arraignment (*see* CPL 210.20 [1] [a]; 255.20 [1]; *People v Marshall*, 299 AD2d 809, 810), and he therefore failed to preserve his contention for our review (*see People v Slingerland*, 101 AD3d 1265, 1265-1266, *lv denied* 20 NY3d 1104).

Defendant further contends that the jury instruction with respect to the elements of the crime of which he was convicted was erroneous because it allowed the jury to convict him on an uncharged theory of the crime. Preliminarily, contrary to the People's contention, defendant was not required to preserve his contention for our review because he " 'has a fundamental and nonwaivable right to be tried only on the crimes charged' " (*People v Graves*, 136 AD3d 1347, 1348, *lv denied* 27 NY3d 1069). We nonetheless reject his contention. When charging a defendant with a burglary, "[i]f the People expressly limit[ ] their theory of the 'intent to commit a crime therein' element to a particular crime, then they [must] prove that the

defendant intended to commit that crime" (*People v Lewis*, 5 NY3d 546, 552 n 7; *see People v James*, 114 AD3d 1202, 1204, *lv denied* 22 NY3d 1199). "Where the court's jury instruction on a particular count erroneously contains an additional theory that differs from the theory alleged in the indictment . . . and the evidence adduced at trial could have established either theory, reversal of the conviction on that count is required because there is a possibility that the jury could have convicted the defendant upon the uncharged theory" (*Graves*, 136 AD3d at 1348; *see People v Martinez*, 83 NY2d 26, 32-35, *cert denied* 511 US 1137). Although we agree with defendant that the People expressly limited their theory of defendant's intent to commit a crime therein to his intent to commit the crime of sexual abuse in the first degree (Penal Law § 130.65 [1]), we reject defendant's contention that the jury instruction allowed the jurors to convict him if they found that he had only a general criminal intent at the time that he entered the victim's apartment. We conclude that the court properly instructed the jurors that they could convict defendant only if they found that he intended to commit the crime of sexual abuse in the first degree at the time he entered the victim's apartment.

Contrary to defendant's further contention, we conclude that the court properly denied his request to charge the jury on renunciation. "[O]nce the crime in question was committed, the defense of renunciation is not available as an affirmative defense" (*People v Stevens*, 65 AD3d 759, 763, *lv denied* 13 NY3d 839; *see* Penal Law § 40.10 [3]). A burglary is complete at the moment of the unlawful entry with the appropriate mens rea (*see generally James*, 114 AD3d at 1204), and we conclude that there is no reasonable view of the evidence that entitled defendant to a renunciation charge (*see People v Franco*, 287 AD2d 367, 367-368, *lv denied* 97 NY2d 681; *cf. People v Ervin*, 57 AD3d 1398, 1399).

Defendant contends that the court erred in permitting the victim and the victim's friend to testify about the substance of the victim's disclosure under the prompt outcry exception to the hearsay rule (*see generally People v McDaniel*, 81 NY2d 10, 16-17). Even assuming, arguendo, that the minimal details to which the victim and the victim's friend testified went beyond the scope of what is allowable under this exception to the hearsay rule, we conclude that the error is harmless. The proof of defendant's guilt is overwhelming, and there is no significant probability that he would have been acquitted but for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant concedes that his contention that he was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review inasmuch as no objection was made to the allegedly improper remarks (*see People v Jones*, 114 AD3d 1239, 1241, *lv denied* 23 NY3d 1038, 25 NY3d 1166), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Furthermore, viewing the evidence, the law, and the circumstances of this particular case, in totality and as of the time of the representation, we conclude that defense counsel provided defendant with meaningful representation (*see generally*

*People v Baldi*, 54 NY2d 137, 147).  Finally, defendant's sentence is not unduly harsh or severe.

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court