People v Rath (2021 NY Slip Op 01667)





People v Rath


2021 NY Slip Op 01667


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1106 KA 18-01872

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID RATH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 19, 2017. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child (three counts), attempted rape in the first degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of attempted rape in the first degree under the fifth count of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of predatory sexual assault against a child (Penal Law § 130.96), two counts of attempted rape in the first degree (§§ 110.00, 130.35 [3]), and one count of endangering the welfare of a child (§ 260.10 [1]). Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct is not preserved for our review (see People v Fick, 167 AD3d 1484, 1485 [4th Dept 2018], lv denied 33 NY3d 948 [2019]). In any event, we conclude that it is without merit. There was no improper conduct by the prosecutor in questioning a forensic biologist regarding her analysis of the DNA evidence in the case and, viewing the prosecutor's summation as a whole, we conclude that the prosecutor did not mischaracterize the probativeness of that evidence (see generally People v Wright, 25 NY3d 769, 780-782 [2015]). To the extent that there was any mischaracterization during summation, it " 'did not rise to the flagrant and pervasive level of misconduct [that] would deprive defendant of due process' " (People v Glass, 150 AD3d 1408, 1411 [3d Dept 2017], lv denied 30 NY3d 1115 [2018]). Additionally, the prosecutor did not impermissibly vouch for the credibility of the victim but rather made a fair response to defense counsel's summation, in which defense counsel attacked the victim's credibility (see People v Graham, 174 AD3d 1486, 1489 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; Fick, 167 AD3d at 1485; People v Roman, 85 AD3d 1630, 1632 [4th Dept 2011], lv denied 17 NY3d 821 [2011]). We reject defendant's further contention that the prosecutor mischaracterized the testimony of the victim and a nurse but, even if the prosecutor had, the challenged remark was not so egregious as to deprive defendant of a fair trial (see People v Burton, 175 AD3d 1847, 1847-1848 [4th Dept 2019], lv denied 34 NY3d 1075 [2019]; People v Ali, 89 AD3d 1412, 1414 [4th Dept 2011], lv denied 18 NY3d 881 [2012]). Based on our determination that the challenged conduct of the prosecutor either did not constitute misconduct or did not deprive defendant of a fair trial, we reject defendant's further contention that he received ineffective assistance of counsel based on defense counsel's failure to object to the alleged misconduct (see People v Lively, 163 AD3d 1466, 1468-1469 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]; People v Lyon, 77 AD3d 1338, 1339 [4th Dept 2010], lv denied 15 NY3d 954 [2010]).
We reject defendant's contention that County Court's evidentiary rulings deprived him of [*2]a fair trial. The court properly allowed the victim's aunt to testify that the victim told her that defendant had raped her. The victim made that disclosure at the first suitable opportunity after the abuse occurred, and the testimony was therefore admissible under the prompt outcry exception to the hearsay rule (see People v Peckham, 8 AD3d 1121, 1121-1122 [4th Dept 2004], lv denied 3 NY3d 679 [2004]; see generally People v Rosario, 17 NY3d 501, 511 [2011]; People v McDaniel, 81 NY2d 10, 16-17 [1993]). Contrary to defendant's contention, the aunt did not give impermissible details of the incident (see McDaniel, 81 NY2d at 17-18; People v Gross, 172 AD3d 741, 744 [2d Dept 2019], lv denied 33 NY3d 1105 [2019]; People v Garrow, 126 AD3d 1362, 1363 [4th Dept 2015]). The court also properly allowed a nurse to testify regarding statements made by the victim during the sexual assault examination inasmuch as the majority of those statements fell within the exception to the hearsay rule of statements relevant to medical diagnosis or treatment (see People v Barnes, 140 AD3d 443, 443 [1st Dept 2016], lv denied 28 NY3d 969 [2016]; People v Mirabella, 126 AD3d 1367, 1367 [4th Dept 2015], lv denied 25 NY3d 1168 [2015]; see generally People v Ortega, 15 NY3d 610, 617-618 [2010]). To the extent that some of the statements went beyond that exception, defendant was not deprived of a fair trial because the error was harmless (see Ortega, 15 NY3d at 619-620). The victim gave the same description of the incidents during her testimony as she gave in her statements to the nurse. The evidence against defendant was overwhelming, and there was no significant probability that, had the error not occurred, the outcome of the trial would have been different (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Defendant's contention that the court erred in allowing a witness to give impermissible opinion testimony is not preserved for our review (see People v Ukasoanya, 101 AD3d 911, 913 [2d Dept 2012], lv denied 21 NY3d 1020 [2013]). In any event, that contention is without merit because the witness did not give opinion testimony.
We agree with defendant, and the People properly concede, that the evidence is legally insufficient to support the conviction of attempted rape in the first degree under the fifth count of the indictment. Although defendant did not preserve that issue for our review, we exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). The People alleged in their bill of particulars under count five of the indictment that defendant attempted to engage in sexual intercourse with the victim after striking her in the face. The victim, however, did not testify to any attempted rape that occurred after defendant punched her in the eye. We therefore modify the judgment by reversing the conviction of attempted rape in the first degree under count five of the indictment and dismissing that count.
Defendant failed to preserve for our review his contention that the remaining count of attempted rape in the first degree under count four of the indictment was rendered duplicitous by the trial testimony (see People v Allen, 24 NY3d 441, 449-450 [2014]; People v Box, 145 AD3d 1510, 1512 [4th Dept 2016], lv denied 29 NY3d 1076 [2017]), nor did he preserve his related contention that the prosecutor elicited evidence of uncharged crimes (see People v Benton, 115 AD2d 916, 917 [3d Dept 1985]). Defendant also failed to preserve for our review his contention that the People impermissibly changed the theory of endangering the welfare of a child as set forth in the bill of particulars (see generally Allen, 24 NY3d at 449-450). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that the court erred in refusing to suppress the cell phone recovered from his person at the time of his arrest because the search warrant application was not supported by probable cause inasmuch as it did not allege that the cell phone actually belonged to him. That contention is not preserved for our review (see People v Navarro, 158 AD3d 1242, 1243-1244 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]), and we conclude that it is without merit in any event. Search warrant applications are not to be read "hypertechnically and may be 'accorded all reasonable inferences' " (People v Robinson, 68 NY2d 541, 552 [1986]; see generally People v Wright, 34 AD3d 1274, 1275 [4th Dept 2006], lv denied 8 NY3d 886 [2007]). We conclude that it was reasonable to infer that the cell phone in the possession of the police belonged to defendant based on the allegations in the search warrant application.
Finally, the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court