People v Longo (2023 NY Slip Op 00169)

People v Longo

2023 NY Slip Op 00169

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Ind. No. 1501/15 Appeal No. 17081 Case No. 2018-03250 

[*1]The People of the State of New York, Respondent,
v
Michael Longo, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Miriam R. Best, J.), rendered March 16, 2018, convicting defendant, after a jury trial, of leaving the scene of an incident without reporting and resulting in death, and sentencing him to a term of 2&frac13; to 7 years, unanimously affirmed.
Defendant's challenge to summation comments by the prosecutor about DNA evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. The prosecutor's statements about the Y-STR DNA analysis were generally fair comments in response to defense summation comments raising questions about the probative value of the DNA evidence, and there were no misrepresentations rising to the level of those condemned in People v Wright (25 NY3d 769, 781 [2015]). The prosecutor did not assert that the limited DNA evidence conclusively proved defendant's guilt, but merely argued that this evidence, along with the other evidence in the case, established that no other person but defendant drove his car at the time it struck a pedestrian. To the extent that the prosecutor overstated the probative value of the DNA evidence, this did not deprive defendant of a fair trial (see People v Gertz, 204 AD3d 1166, 1171 [3d Dept 2022], lv denied 38 NY3d 1070 [2022]; People v Rath, 192 AD3d 1600, 1600-1601 [4th Dept 2021], lv denied 37 NY3d 959 [2021]). In any event, any error was harmless in view of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]). The evidence, even aside from DNA on the steering wheel, excluded any reasonable possibility that someone other than defendant was driving his car at the time of the accident.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Regardless of whether trial counsel should have objected to the above-discussed summation remarks, and should have elicited from the People's expert that he could not determine when or how DNA is deposited on a surface, defendant has not shown any prejudice. Given the overwhelming
non-DNA evidence, there is no reasonable possibility that either or both of these omissions deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023