People v Cotto (2025 NY Slip Op 04347)

People v Cotto

2025 NY Slip Op 04347

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

467 KA 22-01193

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MIGUEL A. COTTO, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered December 2, 2021. The judgment convicted defendant, upon a nonjury verdict, of predatory sexual assault against a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of predatory sexual assault against a child (Penal Law former § 130.96), arising from defendant's repeated sexual abuse of his girlfriend's daughter (victim). We affirm.
Contrary to defendant's contention, Supreme Court properly denied his motion to dismiss the indictment on speedy trial grounds, without a hearing, because defendant failed to meet his initial burden on the motion. "CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action" (People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]; see CPL 30.30 [1] [a]). On a motion to dismiss an indictment on speedy trial grounds (see CPL 30.30 [1]; 210.20 [1] [g]), "a defendant bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]). The defendant meets that burden "simply 'by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period' " (People v Goode, 87 NY2d 1045, 1047 [1996]; see People v Santos, 68 NY2d 859, 861 [1986]).
Here, although defendant alleged in support of the motion that he was entitled to dismissal of the indictment on the ground that the People's failure to disclose certain material discoverable under CPL 245.20 rendered their certificate of compliance improper and their statement of readiness illusory, defendant did not allege the commencement date of the criminal action, that the statutorily prescribed time period was six months, or that an unexcused delay of more than six months had elapsed since the commencement of the action (see People v Welch, 2 AD3d 1354, 1357-1358 [4th Dept 2003], lv denied 2 NY3d 747 [2004]; cf. People v Agee, 235 AD3d 1247, 1248 [4th Dept 2025]). Inasmuch as the motion lacked "sworn allegations that there has been unexcused delay in excess of the statutory maximum" (Santos, 68 NY2d at 861), defendant "failed to come forward with sworn allegations supporting all the essential facts" (People v Simmons, 135 AD3d 1193, 1194 [3d Dept 2016], lv denied 27 NY3d 1006 [2016] [internal quotation marks omitted]; see CPL 210.45 [5] [b]). Defendant thus "failed to satisfy his initial burden under CPL 30.30 of alleging that the prosecution [did not] declare readiness within the statutorily prescribed time period" (Welch, 2 AD3d at 1357-1358 [internal quotation marks omitted]; cf. People v Ryan, 237 AD3d 754, 755-756 [2d Dept 2025]; Agee, 235 AD3d at 1248).
Defendant's further contention that witnesses provided details of the victim's disclosure that exceeded the scope of the prompt outcry exception to the hearsay rule is not preserved for [*2]our review inasmuch as defendant either failed to object or made only a general objection to the testimony he now challenges on appeal (see People v Batista, 92 AD3d 793, 793 [2d Dept 2012], lv denied 19 NY3d 957 [2012]; People v Edwards, 90 AD3d 1575, 1576 [4th Dept 2011], lv denied 18 NY3d 993 [2012]; People v Arredondo, 226 AD2d 322, 323 [1st Dept 1996], lv denied 88 NY2d 964 [1996]; see generally CPL 470.05 [2]). In any event, we conclude that the testimony about the victim's disclosure "did not exceed the allowable level of detail" (People v McDaniel, 81 NY2d 10, 18 [1993]; see People v Rath, 192 AD3d 1600, 1601 [4th Dept 2021], lv denied 37 NY3d 959 [2021]; People v Garrow, 126 AD3d 1362, 1363 [4th Dept 2015]). Even assuming, arguendo, that the minimal details to which the witnesses testified exceeded the allowable level of detail under the prompt outcry exception, we conclude that the error is harmless (see People v Sanford, 148 AD3d 1580, 1583 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; see generally People v Rice, 75 NY2d 929, 932 [1990]). The proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (see Rice, 75 NY2d at 932; Sanford, 148 AD3d at 1583). Contrary to defendant's related contention, defense counsel was not ineffective for failing to object to the testimony as exceeding the scope of the prompt outcry exception because "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Healy, 182 AD3d 1014, 1016 [4th Dept 2020], lv denied 35 NY3d 1045 [2020]; People v Santana, 179 AD3d 1299, 1302 [3d Dept 2020], lv denied 35 NY3d 973 [2020]).
Defendant next contends that he was deprived of a fair trial by the admission of the victim's unredacted medical records and the testimony of a nurse regarding statements made by the victim during a sexual assault examination because that evidence exceeded the scope of the diagnosis and treatment exception to the hearsay rule. That contention is not preserved for our review because defendant failed to object to the admission of the evidence on the ground now advanced on appeal (see People v Emanuel, 89 AD3d 1481, 1482 [4th Dept 2011], lv denied 18 NY3d 882 [2012]; People v Anderson, 184 AD2d 1005, 1006 [4th Dept 1992], lv denied 80 NY2d 926 [1992]; see generally Edwards, 90 AD3d at 1576). In any event, we conclude that the statements recounted in the nurse's testimony and in the medical records were properly admitted in evidence inasmuch as those statements fell within the exception to the hearsay rule for statements relevant to medical diagnosis or treatment (see People v Spicola, 16 NY3d 441, 451-453 [2011], cert denied 565 US 942 [2011]; People v Mirabella, 126 AD3d 1367, 1367 [4th Dept 2015], lv denied 25 NY3d 1168 [2015]; Emanuel, 89 AD3d at 1482). Even assuming, arguendo, that some of the statements went beyond that exception, we conclude that defendant was not deprived of a fair trial because the error was harmless (see Rath, 192 AD3d at 1602; see generally People v Ortega, 15 NY3d 610, 619-620 [2010]). Finally, contrary to defendant's related contention, defense counsel was not ineffective for failing to object to the statements as exceeding the scope of the exception (see Mirabella, 126 AD3d at 1368; see generally Caban, 5 NY3d at 152).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court