■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON KNIGHT, Appellant. [813 NYS2d 431]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered May 17, 2004, as amended May 27, 2004, convicting defendant, after a jury trial, of robbery in the second degree (eight counts), criminal possession of a forged instrument in the second degree (two counts), grand larceny in the fourth degree (five counts), offering a false instrument for filing in the first degree and making a punishable false written statement, and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously modified, on the law, to the extent of remanding for resentencing on the convictions other than robbery, and otherwise affirmed.

The court properly denied defendant's challenge for cause to a prospective juror, since the totality of her responses established that she would be fair and impartial (*see People v Arnold*, 96 NY2d 358, 362 [2001]). The panelist made a response to questioning by defense counsel which, when viewed in context, was only an indication that she believed that, in order for there to be a prosecution, there must be some evidence linking a defendant to the crime. Even if her response could be interpreted as expressing a belief that an arrest or indictment is some indication of guilt, the panelist was completely rehabilitated when she gave the court her unequivocal assurance that she would follow its instructions that a defendant is presumed innocent and that an arrest is no evidence of guilt.

As the People concede, when the court resentenced defendant in order to correct a mistake as to the convictions other than robbery, it improperly did so in defendant's absence.

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline

to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.