■ The People of the State of New York, Respondent, v Wesley Jones, Appellant. [2 NYS3d 455]—

Judgment, Supreme Court, New York County (Cassandra M.

Mullen, J.), rendered May 16, 2013, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

Defendant was charged with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and assault in the second degree. At voir dire, one prospective juror stated that his best friend was a police officer in Suffolk County. The prosecutor asked, "Do you talk to him about his arrests or anything like that?" The prospective juror responded affirmatively. The prosecutor then asked, "As a result of that experience . . . [w]ould you take a police officer's word over that of a regular citizen?" The prospective juror responded, "I don't know. I really couldn't say."

During defense counsel's questioning of the venire, defense counsel told the prospective jurors that he was going to argue that "the officers are lying about the allegations." Defense counsel asked the venire generally, "Does anyone here hold an officer to a higher standard, meaning that it would take a lot more for you to believe that they would lie?" Defense counsel then turned specifically to the prospective juror at issue, asking, "Being that you're close friends with an officer[,] would that make it more difficult for you?" Defense counsel elaborated, "Because you hear about his duties[,] would you say to yourself[,] why would he do that kind of stuff?" The prospective juror responded, "I may be more inclined to believe him just because of my relationship." Defense counsel then said, "That's solely because he wears a uniform; he's an officer." The record does not reflect that the prospective juror responded to that statement or made any further comments.

Defendant's counsel challenged the prospective juror for cause, noting that the prospective juror had "stated that because of his relationship to a best friend who is an officer he automatically puts him [at] a higher standard." The court agreed that the prospective juror had so stated, but observed that counsel had "never followed up to see if that applied to that person or any other person when he clearly indicates he believes his friend because of his personal relationship, not simply because he's a police officer." The court therefore denied the for-cause challenge. Counsel then made a peremptory challenge to the prospective juror, and later exhausted his peremptory challenges.

During summations, the prosecutor addressed the reasonable doubt standard, telling the jury, "Reasonable doubt is the same in this case as it is in every other criminal trial, from a murder case to driving on a suspended driver's license." The prosecutor then stated, "Every person who has been convicted of a crime in this country since the nation's founding has been convicted under that same standard of proof beyond a reasonable doubt. The standard is not special or out of the ordinary. Jurors have applied it for over [200] years." Defense counsel did not object to these remarks.

With respect to the questions during voir dire, the court improperly exercised its discretion in denying defendant's challenge for cause to the prospective juror who noted that he did not know whether he would take a police officer's word over that of a regular citizen. Neither the court nor counsel ever asked the prospective juror to give an unequivocal assurance that he could set aside his bias and render an impartial verdict based on the evidence. Nor did questioning by defense counsel and the prosecutor elicit the requisite assurance.

Criminal Procedure Law § 270.20 (1) (b) provides that a party may challenge a prospective juror for cause if the juror "has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial." Upon making this type of challenge, "a juror who has revealed doubt, because of prior knowledge or opinion, about [his] ability to serve impartially must be excused unless the juror states unequivocally on the record that [he] can be fair" (*People v Arnold*, 96 NY2d 358, 362 [2001]; *see also People v Blyden*, 55 NY2d 73, 77-78 [1982]). The CPL "does not require any particular expurgatory oath or talismanic words" (*96 NY2d at 362* [internal quotation marks omitted]), but challenged jurors "must in some form give unequivocal assurance that they can set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614 [2000]). Those who have given "less-than-unequivocal assurances of impartiality . . . must be excused" and "[i]f there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have replaced one impartial juror with another" (*Arnold*, 96 NY2d at 362-363 [internal quotation marks omitted]).

In this case, the prospective juror gave a response that was uncertain at best, stating that he did not know and "couldn't say" whether he would be able to judge an officer's credibility as opposed to a civilian witness. As the People note, the prospective juror's later response (i.e., "I may be more inclined to

believe him just because of my relationship") was unclear as to whether he meant that he would credit the word of his friend specifically because of the personal relationship, or whether he would credit the word of any police officer simply for being an officer. On the record, both interpretations of this later response are equally plausible. Given this ambiguity, and given the prospective juror's prior statement that he "couldn't say" whether he would be free of bias in favor of an officer's testimony, it was incumbent upon the trial court to take corrective action to elicit unequivocal assurance from the prospective juror that he would be able to reach a verdict based solely upon the court's instructions on the law (*People v Bludson*, 97 NY2d 644, 646 [2001]). Neither the trial court nor counsel, however, asked the challenged prospective juror to give an unequivocal assurance that he could put aside any bias and render an impartial verdict on the evidence. This omission constitutes reversible error (*see Johnson*, 94 NY2d at 614; *see also* CPL 270.20 [2]).

Further, the prosecutor's summation remarks regarding reasonable doubt also constituted reversible error, as these remarks suggested that the jury should convict based on facts extraneous to the trial. Specifically, the comments "linked [the defendant] to every defendant who turned out to be guilty and was sentenced to imprisonment," thus inviting the jury to consider his status as a defendant as "evidence tending to prove his guilt" (*Taylor v Kentucky*, 436 US 478, 486-487 [1978]). Moreover, the prosecutor's comments tended to minimize the jury's sense of responsibility for the verdict. These remarks exceed the bounds of permissible advocacy.

Contrary to the People's argument on appeal, the prosecutor at trial did not simply observe that juries had consistently applied the reasonable doubt standard and that the jury in this case could apply that same standard. Rather, the prosecutor expressly pointed out that "[e]very person *who ha[d] been convicted of a crime in this country*" had been "convicted under" the reasonable doubt standard (emphasis added). This remark goes far beyond simply noting that juries had consistently applied the same legal standard when considering trial evidence.

Although defendant failed to preserve his contention for appellate review, we reach the matter in the interests of justice; this error, compounded by the one regarding the prospective juror, necessitates a new trial.

In light of our determination, we need not reach defendant's remaining contentions. Concur—Renwick, J.P., Saxe, Moskowitz, DeGrasse and Richter, JJ.