■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL TAYLOR, Appellant. [36 NYS3d 651]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered October 10, 2013, as amended November 12, 2013, convicting defendant, after a jury trial, of four counts of criminal contempt in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 4 to 8 years, unanimously affirmed.

The indictment sufficiently charged first-degree contempt under Penal Law § 215.51 (c), which involves violation of a certain kind of order of protection, committed by a person with a prior conviction of a similar crime. Defendant argues that his indictment was jurisdictionally defective because the special information that was filed to elevate each count of second-degree contempt to first-degree contempt did not explicitly allege either that the prior second-degree contempt conviction involved the violation of a stay-away order, or that the person on whose behalf the prior order of protection was issued was his ex-girlfriend, the same person listed in the current indictment. Assuming, without deciding, that both of these claims raise actual jurisdictional issues that do not require preservation, we reject both arguments on the merits.

First, while it is undisputed that Penal Law § 215.51 (c)

---

requires proof that the prior conviction, like the instant offenses charged in the indictment, involved a violation of a stay-away order, this element was satisfactorily alleged by citation, in the indictment and the special information, to that particular statute (*see People v D'Angelo*, 98 NY2d 733 [2002]; *see also People v Ray*, 71 NY2d 849, 850 [1988]). In light of that specific reference, the special information, by accusing defendant of first-degree contempt "in that" he was convicted of second-degree contempt on March 24, 2011, fairly apprised him of all the elements of the charges against him, including that the prior order was a stay-away order.

Second, we find that the statutory language clearly does not require, as an element of first-degree contempt, proof that a defendant's prior conviction involved an order protecting the same person named in the order or orders at issue in the currently charged offenses. Accordingly, the indictment could not be jurisdictionally defective based on the failure to allege that the same person was the beneficiary of both the order on which the prior conviction was predicated and the new order or orders; this was simply a nonexistent element, and the legislature had no reason to specify or highlight the absence of an element. The statutory phrase "as described herein" plainly refers to the type of order, i.e., a stay-away order, not the identity of the protected person. For essentially the same reasons, defendant's argument that the evidence was legally insufficient to prove such an identity between the protected persons fails as well, regardless of any alleged procedural bars.

Although the prosecutor's summation contained essentially the same infirmity that we identified in *People v Jones* (125 AD3d 403 [1st Dept 2015]), the issue was unpreserved. In any event, we find that the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). We note that in *Jones*, we did not address the issue of harmless error, because we were already reversing on a jury selection error not subject to harmless error analysis.

Defendant did not preserve his claim that a 911 call made by the victim failed, for lack of corroboration, to qualify under the present sense impression exception to the hearsay rule, and we decline to review it in the interest of justice. As an alternative holding, we find that there was no "corroboration problem, since the declarant[ ] testified in court" (*People v Robinson*, 282 AD2d 75, 82 [1st Dept 2001]).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental briefs and those advanced in defense counsel's supplemental

submission. Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.