■ The People of the State of New York, Respondent, v Elliot Parrilla, Appellant. [42 NYS3d 825]—

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered March 30, 2015, convicting defendant, upon his plea of guilty, of aggravated family offense, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The indictment was not jurisdictionally defective. "The incorporation by specific reference to the statute" of the charged crime "operates without more to constitute allegations of all the elements of the crime" (*People v Cohen*, 52 NY2d 584, 586 [1981]; *see also People v D'Angelo*, 98 NY2d 733, 735 [2002]; *People v Downs*, 26 AD3d 525, 526 [3d Dept 2006], *lv denied* 6 NY3d 847 [2006]). Here, the indictment unmistakably identi-

fied the "specified offense" (Penal Law § 240.75) defendant was alleged to have committed by stating its definition, albeit without identifying it by section number. There was no nonwaivable defect, and by his plea of guilty, defendant waived any nonjurisdictional claim that the indictment failed to include sufficient allegations to provide him with notice of the charges (*see People v Iannone*, 45 NY2d 589, 600-601 [1978]). Concur—Acosta, J.P., Renwick, Andrias, Saxe and Gische, JJ.