The People of the State of New York, Respondent,
against
Edward J. Stromski, Appellant.




Nassau County Legal Aid Society (Jeremy Goldberg, David Bernstein, Dori Cohen of counsel), for appellant.
Nassau County District Attorney (Cristin N. Connell, Cody B. Sibell of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Francis D. Ricigliano, J.), rendered November 19, 2014. The judgments convicted defendant, upon jury verdicts, of driving while impaired by drugs and failing to use a designated lane.




ORDERED that the judgments of conviction are reversed, on the law, and the matter is remitted to the District Court for a new trial.
The People charged defendant, in separate simplified traffic informations, with driving while impaired by drugs (Vehicle and Traffic Law § 1192 [4]) and failing to use a designated lane (Vehicle and Traffic Law § 1128 [c]), respectively. In the course of jury selection, two prospective jurors expressed their agreement with a third prospective juror's statement that, because defendant had been arrested and brought to trial, "he's in trouble over something that he did." Defense counsel's requests that the three prospective jurors be excused for cause were denied, whereupon counsel employed peremptory challenges to excuse them, thereby exhausting defendant's available peremptory challenges before jury selection had been completed. The jury convicted defendant of both charges, and defendant appeals, arguing, among other matters, that the guilty verdicts were against the weight of the evidence, or, in the alternative, that the three prospective jurors should have been excused for cause.
As a preliminary matter, upon a review of the record, we reject defendant's initial contention that the verdicts were against the weight of the evidence (see CPL 470.15 [15]; People v Danielson, 9 NY3d 342, 348 [2007]).
However, as the People concede, defendant's contention that the three prospective jurors should have been excused for cause has merit. When prospective jurors exhibit "a state of mind that is likely to preclude [them] from rendering an impartial verdict based upon the evidence [*2]adduced at the trial" (CPL 270.20 [1] [b]; see People v Harris, 19 NY3d 679, 685 [2012]), they must be excused for cause unless they "in some form give unequivocal assurance[s] that they can set aside any bias and render an impartial verdict based on the evidence" (People v Johnson, 94 NY2d 600, 614 [2000]). A prospective juror's opinion to the effect that, if a person has been arrested he or she "has done something," represents a state of mind that is likely to preclude him or her from rendering an impartial verdict upon the evidence (People v Brown, 111 AD2d 248, 249 [1985]; see People v Barber, 269 AD2d 758, 760 [2000]; cf. People v Knight, 29 AD3d 306, 306 [2006] [although a prospective juror's comment might be construed to mean that "an arrest or indictment is some indication of guilt," the juror "was completely rehabilitated when she gave the court her unequivocal assurance that she would follow its instructions that a defendant is presumed innocent and that an arrest is no evidence of guilt"]; People v Rivera, 137 AD2d 634, 635 [1988] [same]). A "preconceived notion of defendant's guilt" (People v Dalton, 27 AD3d 779, 781-782 [2006]) represents the inability to adopt the presumption of innocence which is essential to a fair trial (see People v Johnson, 94 NY2d at 610; People v Branch, 46 NY2d 645, 652 [1979]). There is nothing in the general context of the questions and answers at issue here that would impart any other light on the disputed statements than that they represented a substantial risk of actual bias (see People v Johnson, 94 NY2dat 613; People v Torpey, 63 NY2d 361, 367 [1984]). The error cannot be considered cured solely by the court's instruction as to the presumption of innocence and the burden of proof, absent meaningful purgative assertions of the juror's capacity to deliberate impartially. Aside from one prospective juror's comment that she "understood the words" of the court's curative instruction, the record reveals none of the required "unequivocal assurance[s]" from the prospective jurors that they could "set aside [their] bias and render an impartial verdict based on the evidence" (People v Johnson, 94 NY2d at 614; e.g. People v Jones, 125 AD3d 403, 405 [2015]; see also People v Rose, 73 AD3d 1091, 1092 [2010] [" A prospective juror's responses . . . must demonstrate an absolute belief that his (or her) opinion will not influence his (or her) verdict' "], quoting People v Goodwin, 64 AD3d 790, 792 [2009]). Thus, the judgments of conviction are reversed and a new trial ordered.
In light of the foregoing, we do not address defendant's remaining contentions.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2017