People v Brooks (2018 NY Slip Op 01382)





People v Brooks


2018 NY Slip Op 01382


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5844 3855/14

[*1]The People of the State of New York, Respondent,
v
Daniel Brooks, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lindsey Richards of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered July 28, 2015, convicting defendant, after a jury trial, of criminal contempt in the first degree and aggravated family offense, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, unanimously affirmed.
We reject defendant's challenges to the sufficiency of the evidence supporting his contempt conviction. The record supports reasonable inferences that at least a significant portion of the hundreds of calls, frequently containing threatening, hostile and foul language, that defendant made to the victim in violation of an order of protection, was intended to harass, annoy, threaten, or alarm her, and that these calls were made with no purpose of legitimate communication (see Penal Law 215.51[b][iv]; People v Shack, 86 NY2d 529, 538 [1995]; People v Padin, 121 AD3d 628 [1st Dept 2014, lv denied 25 NY3d 1169 [2015])
The count charging aggravated family offense, in which certain misdemeanors are raised to felonies based on prior convictions, was not jurisdictionally defective. The count alleged all the elements of that crime, including that defendant committed a misdemeanor defined in Penal Law § 240.75(2), because it "unmistakably identified the specified offense' [second-degree contempt] defendant was alleged to have committed by stating its definition, albeit without identifying it by section number" (People v Parrilla, 145 AD3d 629, 629-630 [1st Dept 2016], lv denied 29 NY3d 951 [2017]). This count set forth the definition of second-degree criminal contempt under Penal Law § 215.50(3), which is a qualifying misdemeanor under Penal Law § 240.75. Although the only other count in the indictment charged first-degree contempt, a felony, there is no requirement that the "specified offense" relied upon to charge aggravated family offense be independently charged in a separate count.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK