People v Pierre (2020 NY Slip Op 03986)





People v Pierre


2020 NY Slip Op 03986


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


11824 1974/16

[*1] The People of the State of New York, Respondent,
v
Matthew Pierre, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Steven Benathen of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered July 16, 2018, convicting defendant, after a jury trial, of assault in the second degree, criminal mischief in the third degree and auto stripping in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 9 to 11 years, unanimously affirmed.
The court providently exercised its discretion when it modified its Sandoval ruling after defendant's direct testimony, finding that his testimony that he was "not [] a trouble maker" opened the door to limited inquiry regarding two prior assault convictions (see e.g. People v Feliciano, 133 AD3d 469 [1st Dept 2015], lv denied 27 NY3d 1150 [2016]). However, the court erroneously determined, and instructed the jury, that evidence of the two prior convictions could be considered as affirmative evidence of guilt, relevant to the charged mental state and the validity of defendant's justification defense (see People v Bradley, 20 NY3d 128, 133-34 [2012]). In that context, the evidence at issue cannot be differentiated from propensity evidence. Nevertheless, any error in either the Sandoval or Molineux aspects of the court's rulings was harmless (see People v Crimmins, 36 NY2d 230 [1975]). There was overwhelming evidence that defendant brutally attacked an elderly tourist and damaged a bus, and there is no reasonable possibility that the jury would have accepted his incredible testimony (see People v Hall, 18 NY3d 122, 132 [2011] [considering defendant's "ridiculous explanation" in harmless error analysis]).
Defendant did not preserve his challenge to a remark by the prosecutor in summation, and we decline to review it in the interest of justice. As an alternative holding, we find that this isolated use of disapproved language (see People v Jones, 125 AD3d 403, 406 [1st Dept 2015]) was not so egregious as to require reversal, and that the error was harmless. Defendant's related ineffective assistance of counsel claim is unavailing, because he has not established that his counsel's lack of objection was unreasonable or prejudicial (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK