People v Ledezma (2022 NY Slip Op 02236)

People v Ledezma

2022 NY Slip Op 02236

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Ind No. 3736/17 Appeal No. 15661 Case No. 2020-00244 

[*1]The People of the State of New York, Respondent,
v
Victor Ledezma, Defendant-Appellant.

The Law Offices of Steven E. Lynch, New York (Steven E. Lynch of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip Vyse Tisne of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J. at speedy trial motions; Erika M. Edwards, J. at jury trial and sentencing), rendered October 31, 2019, convicting defendant of sexual abuse in the third degree, and sentencing him to time served, unanimously reversed, on the law, and the matter remanded for a new trial.
The motion court correctly denied defendant's speedy trial motions. As to each of the periods at issue, the court's findings of excludability are supported by the record and we reject defendant's arguments to the contrary.
The trial court providently exercised its discretion in denying defendant's challenge for cause to a prospective juror who expressed concern that her personal views might conflict with the law. Those statements were made in response to a hypothetical posed by the court, and her statements, viewed in totality and in context, adequately assured that she would follow the court's instructions (see People v Warrington, 28 NY3d 1116, 1120-1121 [2016]; People v Rivera, 169 AD3d 576 [1st Dept 2019], lv denied 33 NY3d 980 [2019]).
However, the trial court improperly denied defendant's for cause challenges against those prospective jurors who had indicated an inclination to believe the alleged victims because they had proceeded to trial with the charges. The relevant portions of the voir dire are as follows:
"MR. LYNCH: Is there anything different about a teenager that you would look for, or how they recollect as they were testifying, rather than an adult, as to whether or not they're being truthful?...
PROSPECTIVE JUROR: No.
. . .
MR. LYNCH: What about specifically with the topic of sex offenses, do you think that is something a teenager would not lie about?
PROSPECTIVE JUROR: I think they could lie but they could also be telling the truth. So it is a no answer.
MR. LYNCH: You were going to say something?
PROSPECTIVE JUROR: I would have to submit, the threshold of actually bringing a charge and going through that process, I think, is a disincentive I do feel that I would be possibly inclined to believe more than one person as they come forward in all honesty.
MR. LYNCH: Just to be clear, the fact that the allegation is made in your mind lends some weight to the truthfulness of it?
[PROSPECTIVE JUROR][ Mr. L.] That someone actually came forward and made it all the way to the point of all of this occurring, I might be.
MR. LYNCH: Thank you. Does anybody agree with Mr. L.?
THE COURT: So let me just be clear. I think it is natural for people to think, somebody is going to come into a courtroom for either party and swear to tell the truth, you would hope they're going to tell the truth, they're swearing to tell the truth, they're saying something happened, or they're saying something didn't happen, or they're saying whatever it is they're saying.
So you can be inclined to want to believe, but the point is, as a juror, you are asked to scrutinize that testimony and the credibility and [*2]see how it fits in with all of the evidence. Even me, I would like to say anybody that comes to tell the truth, they should be telling the truth swearing under oath on the record in an important matter. You would hope they're telling the truth.
But can you scrutinize that testimony, and looking at that person, and looking at all of the evidence, and make a determination as to what facts you choose to believe and what facts you choose not to believe?
Would you feel comfortable doing that?
PROSPECTIVE JUROR [Mr. L.]: I would do my best. But I would say that I do think that there is a lot of disincentives to come forward at all. And to come forward to this point, it would surprise me that someone would get that far without there being anything at all to it.
THE COURT: Okay.
PROSPECTIVE JUROR: With all due respect.
MR. LYNCH: I know some of you raised your hand. Who agrees with the statement that Mr. L. just said?"
(at which time 5 jurors raised their hands).
This statement by prospective juror (Mr. L.) and the apparent agreement by the other prospective jurors who raised their hands was sufficient to raise "a serious doubt regarding the ability to be impartial" (People v Chambers, 97 NY2d 417, 419 [2002]). The court erred in not engaging in any further inquiry of these jurors in order to elicit an unequivocal assurance of their impartiality and their ability to follow the court's instructions (see People v Jones, 125 AD3d 403-406 [1st Dept 2015]).
Given the above, we need not reach defendant's additional arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022