# State of New York Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 38
The People &c.,
      Respondent,
    v.
Michael Saenger,
      Appellant.

Sam Feldman, for appellant.
Danielle Fenn, for respondent.

TROUTMAN, J.:

The count of the indictment charging defendant with aggravated family offense pursuant to Penal Law § 240.75 was jurisdictionally defective and must be dismissed. We uphold defendant's conviction of criminal contempt in the first degree, however, because

- 1 -

defendant has not demonstrated on this record that his trial counsel was ineffective with respect to that count.

I.

In 2016, defendant entered the apartment of his former girlfriend, in violation of a stay-away order of protection. The People alleged that defendant, while inside, placed his hands around the complainant's neck and stole her identification cards. Defendant was charged by indictment with burglary in the second degree, petit larceny, two counts of criminal contempt in the first degree, one count of criminal contempt in the second degree, and aggravated family offense. The count of the indictment charging defendant with aggravated family offense alleged that defendant "committed an offense specified in subdivision two of section 240.75 of the Penal Law," but it did not specify the offense. The People also provided defendant with a bill of particulars that contained a factual recitation of his alleged conduct. Defendant did not challenge the facial sufficiency of the indictment before the trial court. During the charge conference, the People ultimately specified that the underlying misdemeanor offense for aggravated family offense was criminal contempt in the second degree.

A jury found defendant guilty of one count of criminal contempt in the first degree, criminal contempt in the second degree, and aggravated family offense, and acquitted him of the remaining charges. On appeal, the Appellate Division modified the judgment by vacating defendant's conviction of criminal contempt in the second degree as a lesser included offense of criminal contempt in the first degree, and otherwise affirmed (202 AD3d 1001, 1001 [2d Dept 2022]). The Court held that defendant's remaining contentions

were unpreserved (*see id.*).

A Judge of this Court granted defendant leave to appeal (38 NY3d 1136 [2022]). We now modify the Appellate Division order.

II.

A defendant commits the crime of aggravated family offense pursuant to Penal Law § 240.75 when the defendant "commits a misdemeanor defined in subdivision two of this section as a specified offense and [the defendant] has been convicted of one or more specified offenses within the immediately preceding five years" (Penal Law § 240.75 [1]). Subdivision two of the statute contains 54 "specified offense[s]," 36 felonies and 18 misdemeanors.[1] To qualify as a specified offense, the defendant and the person against whom the offense was committed must be members of the same family or household as defined in CPL 530.11 (1) (*see id.* § 240.75 [2]).[2] Thus, to commit the crime of aggravated family offense, a defendant must have been convicted of one or more of the specified offenses in subdivision two of the statute within the previous five years, the defendant must have currently committed one of the misdemeanor offenses listed in subdivision two, and both offenses must be committed against a member of the same family or household as the defendant.

---

[1] An attempt or conspiracy to commit any of the offenses listed in subdivision two qualifies as a specified offense (*see id.* § 240.75 [2]).

[2] The statute clarifies that "[t]he person against whom the current specified offense is committed may be different from the person against whom the previous specified offense was committed and such persons do not need to be members of the same family or household" (*id.* § 240.75 [3]).

Defendant contends that the failure to specify the current misdemeanor offense in the count of the indictment charging him with aggravated family offense rendered that count jurisdictionally defective.[3]  We agree.

We have recognized that an indictment traditionally serves several functions.  "First and foremost, an indictment has been considered as the necessary method of providing the defendant with fair notice of the accusations made," so the defendant will "be able to prepare a defense" (*People v Iannone*, 45 NY2d 589, 594 [1978]).  An indictment further provides a defendant with "some means of ensuring that the crime for which the defendant is brought to trial is in fact one for which [the defendant] was indicted by the Grand Jury, rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence" (*id.*).  "Finally, the indictment has traditionally been viewed as the proper means of indicating just what crime or crimes defendant has been tried for, in order to avoid subsequent attempts to retry [the defendant] for the same crime or crimes" (*id.* at 595).

Not every flaw in an indictment renders that document jurisdictionally defective (*see id.* at 600).  As an initial matter, a jurisdictional defect in one count does not render the entire indictment defective; it requires only that the defective count be dismissed (*see* CPL 210.20 [1]; 210.25).  A count is jurisdictionally defective "only if it does not effectively charge the defendant with the commission of a particular crime," such as where

---

[3] The People are required to allege the defendant's commission of the prior offense through a special information (*see* CPL 200.63).  There is no dispute that the People did so properly here.

it "fails to allege that a defendant committed acts constituting every material element of the crime charged" or the "acts it accuses defendant of performing simply do not constitute a crime" (*Iannone*, 45 NY2d at 600). Where such a jurisdictional defect is involved, a defendant may raise the issue for the first time on appeal (*see id.* at 600-601). Generally, an indictment's "incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime" (*People v D'Angelo*, 98 NY2d 733, 735 [2002]; *see People v Ray*, 71 NY2d 849, 850 [1988]; *People v Cohen*, 52 NY2d 584, 586 [1981]). We have cautioned, however, that this may not suffice where the statutory language is "too broad," and merely charging the statutory language or incorporating the statute by reference would not sufficiently inform the defendant of the charge (*Iannone*, 45 NY2d at 599, citing *People v Farson*, 244 NY 413, 417 [1927]).

Charging only the statutory language of aggravated family offense pursuant to Penal Law § 240.75 does not render that count facially valid. The structure of Penal Law § 240.75 is such that alleging in the indictment, as the People did here, that the defendant has "committed an offense specified in subdivision two" of that statute is insufficient to provide the defendant with fair notice of the charge because it does not inform the defendant of the present underlying misdemeanor offense, the commission of which is an element of the crime of aggravated family offense. Penal Law § 240.75 (2) contains dozens of potential "specified offense[s]," 18 of which are misdemeanors that may serve as the current offense. Merely alleging that the defendant has committed one of those offenses, without specifying which one, does not provide the defendant with notice sufficient to enable the defendant to prepare a defense, nor does it sufficiently allege an element of aggravated family offense,

i.e., the commission of a particular specified misdemeanor offense.[4]

The People argue that the indictment, coupled with the factual allegations in the bill of particulars, made clear that the underlying misdemeanor offense was criminal contempt in the second degree. Although a bill of particulars may be used to "sustain an otherwise defective indictment" under certain circumstances (*Iannone*, 45 NY2d at 597; *see People v Morris*, 61 NY2d 290, 293-294 [1984]), here the bill of particulars simply contained a factual recitation of defendant's alleged conduct. It did not clarify the underlying misdemeanor offense for aggravated family offense, and the conduct the People alleged could have constituted commission of several of the misdemeanor offenses listed in Penal Law § 240.75 (2). It is not the defendant's burden to parse the elements of each qualifying offense in Penal Law § 240.75 (2) to infer which might be the crime charged based on the factual allegations in the bill of particulars. Thus, the bill of particulars did not resolve the jurisdictional defect.

The People primarily rely upon the fact that the indictment separately charged defendant with criminal contempt in the second degree, arguing that defendant should have inferred that the underlying misdemeanor offense for aggravated family offense was, in fact, criminal contempt in the second degree. That contention is without merit. First, fair

---

[4] Notably, Penal Law § 240.75 is different in structure than a statute that allows a defendant to commit an offense by "doing any one of several things," in which case the indictment may "in a single count, group them together and charge the defendant with having committed them all" (*People v Charles*, 61 NY2d 321, 327-328 [1984] [internal quotation marks omitted]; *see People v Middleton*, 35 NY3d 952, 955 [2020]). Penal Law § 240.75 requires, as an element of aggravated family offense, that the defendant commit another, specifically enumerated misdemeanor offense.

notice of the charges is not the only important function served by a facially valid indictment. The indictment also must "provide some means of ensuring that the crime for which the defendant is brought to trial is in fact one for which he was indicted by the Grand Jury, rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence" (*Iannone*, 45 NY2d at 594). Here, there is no way of determining from the face of the indictment, even when supplemented by the bill of particulars, what underlying misdemeanor offense the grand jury believed defendant had committed for purposes of aggravated family offense, and therefore no way to ensure that the People could not allege an alternative underlying offense at trial.

Second, the crime of aggravated family offense does not require the underlying misdemeanor offense to be charged separately in the indictment. It requires only that the defendant "commit" that underlying offense (*see* Penal Law § 240.75 [1]; *see People v Brooks*, 159 AD3d 401, 402 [1st Dept 2018], *lv denied* 31 NY3d 1079 [2018]). The fact that criminal contempt in the second degree was charged in another count of the indictment therefore is not determinative with respect to the current misdemeanor offense underlying the aggravated family offense count.

The People may ensure the facial validity of an indictment charging a defendant with aggravated family offense simply by specifying the alleged underlying misdemeanor offense, either by incorporating the underlying offense by section number or by stating the definition of the offense (*see e.g. Brooks*, 159 AD3d at 401; *see also People v Rosa*, 164 AD3d 1182, 1183-1184 [1st Dept 2018], *lv denied* 32 NY3d 1114 [2018]; *People v Parrilla*, 145 AD3d 629, 629-630 [1st Dept 2016], *lv denied* 29 NY3d 951 [2017]).

Inasmuch as the indictment did not provide defendant with notice of which of the qualifying misdemeanor offenses in Penal Law § 240.75 (2) he was alleged to have committed, and the commission of a specified misdemeanor offense is an element of aggravated family offense, the count of the indictment charging defendant with aggravated family offense was jurisdictionally defective and must be dismissed.

III.

Defendant further contends that his conviction of criminal contempt in the first degree must be vacated on the ground that his trial counsel was ineffective for failing to challenge the legal sufficiency of the evidence supporting that conviction. Defendant was convicted of first-degree criminal contempt pursuant to Penal Law § 215.51 (c). That statute provides, as relevant here, that a defendant is guilty of first-degree criminal contempt when the defendant commits the crime of second-degree criminal contempt as defined in Penal Law § 215.50 (3)

> "by violating that part of a duly served order of protection . . . *which requires the respondent or defendant to stay away from the person or persons on whose behalf the order was issued*, and where the defendant has been previously convicted of the crime of aggravated criminal contempt or criminal contempt in the first or second degree for violating an order of protection *as described herein* within the preceding five years" (Penal Law § 215.51 [c] [emphasis added]).

The parties agree that the statute requires the defendant's present offense to involve a violation of that part of an order of protection that requires the defendant to stay away from the protected person. They dispute, however, the meaning of the phrase "as described herein" as used in the statute to characterize the prior offense. Defendant contends that it

means that his commission of the prior contempt offense within the past five years must also have involved the violation of that part of an order of protection requiring him to stay away from the protected person. Inasmuch as the People alleged that his prior contempt conviction involved harassing phone calls, defendant asserts that his trial counsel was ineffective for failing to make a motion for a trial order of dismissal challenging the evidence supporting first-degree criminal contempt on that ground.

We agree with the People that defendant has not demonstrated defense counsel's ineffectiveness. The People have offered a plausible alternative interpretation of the phrase "as described herein," and this Court has never addressed the issue. At the time of defendant's trial in 2018, two Appellate Division decisions had identified the issue but did not conclusively resolve it (*see People v Kelly*, 79 AD3d 1642, 1642 [4th Dept 2010] [issue unpreserved], *lv denied* 16 NY3d 832 [2011]; *People v Taylor*, 142 AD3d 465, 465-466 [1st Dept 2016] [issue undisputed], *lv denied* 28 NY3d 1151 [2017]). Only after defendant was tried did the Appellate Division hold that Penal Law § 215.51 (c) requires both the current and the former violation of an order of protection to be of that part of the order requiring the defendant to stay away from the protected person (*see People v Barrett*, 188 AD3d 1736, 1737-1738 [4th Dept 2020]).

At the time of trial, there was no clear appellate authority adopting the statutory interpretation of Penal Law § 215.51 (c) that defendant now urges is correct. We need not resolve that statutory interpretation question on this appeal. Because the issue was not "so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (*People v Flowers*, 28 NY3d 536, 541 [2016] [internal quotation marks omitted]),

defendant's claim of ineffective assistance must fail (*see People v Keschner*, 25 NY3d 704, 724 [2015]; *People v Blake*, 24 NY3d 78, 82 [2014]).

Accordingly, the order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed.

Order modified in accordance with the opinion herein and, as so modified, affirmed. Opinion by Judge Troutman. Chief Judge Wilson and Judges Rivera, Garcia, Singas and Cannataro concur. Judge Halligan took no part.

Decided May 18, 2023