People v Moore (2024 NY Slip Op 03234)

People v Moore

2024 NY Slip Op 03234

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Ind. No. 3965/18 Appeal No. 2137 Case No. 2020-01369 

[*1]The People of the State of New York, Respondent,
v
Robert Moore, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan Merchan, J.), rendered January 7, 2020, as amended February 26, 2020, convicting defendant, after a jury trial, of persistent sexual abuse, and sentencing him, as a persistent violent felony offender, to a term of 4 years to life, unanimously modified, on the law, to vacate the sentence and to remand for further sentencing proceedings, and otherwise affirmed.
The indictment was jurisdictionally valid because it unmistakably specified the precise underlying misdemeanor offense on which the charge of persistent sexual abuse (Penal Law § 130.53) was predicated "by stating the definition of the offense" (People v Saenger, 39 NY3d 433, 440 [2023]). Specifically, the second count of the indictment, in charging defendant with persistent sexual abuse, states that he "subjected a person known to the Grand Jury to sexual contact, to wit, placing his hand on said person's buttocks, without her consent." Of the three misdemeanors eligible to support a felony charge of persistent sexual abuse — forcible touching (Penal Law § 130.52), sexual abuse in the third degree (Penal Law § 130.55), and sexual abuse in the second degree (Penal Law § 130.60) — only sexual abuse in the third degree fits the conduct described by the indictment ("subject[ing] a person . . . to sexual contact . . . without her consent"). Penal Law § 130.55 defines sexual abuse in the third degree as "subject[ing] another person to sexual contact without the latter's consent," and this is precisely the conduct with which the indictment charges defendant.
Although the other two potentially qualifying misdemeanors include unconsented sexual contact as an element, each of those offenses has additional elements not mentioned in the indictment. Forcible touching is defined, in pertinent part, as "forcibly touch[ing] the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire" (Penal Law § 130.52[1]) or "subject[ing] another person to sexual contact for the purpose of gratifying the actor's sexual desire and with intent to degrade or abuse such other person while such other person is a passenger on a bus, train or subway car" (Penal Law §130.52[2]). Sexual abuse in the second degree is defined as "subject[ing] another person to sexual contact . . . when such other person is . . . [i]ncapable of consent by reason of some factor other than being less than seventeen years old; or . . . [l]ess than fourteen years old" (Penal Law § 130.60). Accordingly, the indictment specifically accused defendant of committing one of the three qualifying offenses for persistent sexual abuse, namely, sexual abuse in the third degree.
In Saenger, the Court of Appeals approved the manner in which the instant indictment identifies the underlying misdemeanor offense supporting the felony charge. Saenger, like this case, involved a felony charge (aggravated family offense [Penal [*2]Law § 240.75]) based on a misdemeanor offense committed by a defendant who, at the time of the commission of the offense, had a specified criminal record. While the Court of Appeals found that the Saenger indictment fell short because it alleged only that the defendant had "committed an offense specified in subdivision two of section 240.75 of the Penal Law" (39 NY3d at 436 [internal quotation marks omitted]), the Court noted: "The People may ensure the facial validity of an indictment charging a defendant with aggravated family offense simply by specifying the alleged underlying misdemeanor offense, eitherby incorporating the underlying offense by section number or by stating the definition of the offense" (id. at 440 [emphasis added]).
Immediately after the above-quoted statement, the Court of Appeals cited with approval a number of decisions by this Court in which we affirmed convictions based on indictments containing charging language similar to the indictment in this case (see People v Rosa, 164 AD3d 1182, 1183-1184 [1st Dept 2018] [the indictment "unmistakably identified the specified offense . . . defendant was alleged to have committed by stating its definition, albeit without identifying it by section number"] [internal quotation marks omitted], lv denied 32 NY3d 1114 [2018]; People v Brooks, 159 AD3d 401, 401 [1st Dept 2018] [same], lv denied 31 NY3d 1079 [2018]; People v Parilla, 145 AD3d 629, 629-630 [1st Dept 2016] [same], lv denied 29 NY3d 951 [2017]).
What emerges from Saenger and the precedents cited with approval therein is that, in a case where the defendant's prior convictions elevate a misdemeanor charge to a felony, there is no requirement that the indictment identify the underlying misdemeanor offense by section or by the title in the caption of the section. Rather, it suffices for the indictment to use charging language that tracks the statutory definition of the underlying misdemeanor offense. This is precisely what the indictment before us has done. Accordingly, the indictment complied with the requirement to provide defendant with "notice of which of the qualifying misdemeanor offenses [referred to in the persistent sexual abuse statute] he was alleged to have committed" (Saenger, 39 NY3d at 440).[FN1]
Finally, because the People concede that defendant was improperly adjudicated as a mandatory persistent violent offender, we vacate the sentence and remand to Supreme Court for further proceedings.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024

Footnotes

Footnote 1: Saenger calls into question our decision in People v Lacy (216 AD3d 439 [1st Dept 2023], lv denied 40 NY3d 1081 [2023]), which was decided two weeks before Saenger.